United States Court of Appeals,

Fifth Circuit.

No. 88-1712.

Norman R. WOOD, Jr., Plaintiff-Appellant,

v.

UNITED STATES POSTAL SERVICE, et al., Defendants, United States Postal Service, Defendant-Appellee.

March 30, 1992.

Appeal from the United States District Court for the Western District of Texas.

Before WILLIAMS and WIENER, Circuit Judges, and LITTLE, District Judge.[1]

LITTLE, District Judge:

Finding mortal impediments in Wood's suit contesting his discharge as a postal letter carrier, the district court dismissed his action. Wood appealed. We reverse and remand with instructions.

The U.S. Postal Service employed Norman R. Wood, Jr. as a letter carrier. He was discharged effective 19 January 1985. Feeling that his discharge was due to impermissible discrimination, Wood pursued counseling with an EEO employee, Carlos E. Morris.

Wood's desired relief from the administrative channels of the EEO was not forthcoming. A formal complaint with the EEOC was filed on 29 March 1985. The complaint was denied by letter dated 11 February 1986. In the letter Wood was advised that he had

---

[1]District Judge of the Western District of Louisiana, sitting by designation.

thirty days from receipt of the letter to file a civil action in the appropriate United States District Court.

It is uncontested that the complaint filed by Wood was filed in a proper venue within thirty days of his receipt of the right to sue letter. That filing occurred on 14 March 1986 in the El Paso division of the Western District of Texas. In the style of his pro se prepared petition, Wood names as defendants the "United States Postal Service and Carlos E. Morris, the EEO Counselor." [2] Paragraph 4 of the petition describes the defendants thusly:

> Defendant, UNITED STATES POSTAL SERVICE is an employer within the meaning of 42 U.S.C. 2000e(b). It can be served with process through its local receiver, POSTMASTER EMILIO GARCIA, UNITED STATES POST OFFICE, 5300 E. PAISANO, EL PASO, TEXAS 79910, and CARLOS E. MORRIS, EEO COUNSELOR, UNITED STATES POST OFFICE, 5300 E. PAISANO ST., EL PASO, TEXAS 79910.

The entire chronology of the record subsequent to the March filing need not be reproduced. There are uncontested events however that merit highlighting.

Accompanied by his original petition, Wood's application to proceed in forma pauperis was filed 14 March 1986. The application was granted on 24 March 1986. The U.S. Marshal served Emilio

---

[2]Technically, Morris remains as a named party defendant, although the transcript clearly reveals a contrary intention by counsel for the plaintiff. When the district judge asked the plaintiff's attorney if Morris, an innocent party, could be dismissed, the attorney responded:

> That's right, your honor, absolutely your honor.

> The court's judgment of 15 August 1988 finds that Morris is immune from suit. No issue is taken with that portion of the judgment by appellant.

Garcia, the El Paso Postmaster, and the U.S. Attorney for the Western District of Texas on 1 April 1986. Wood filed a motion for appointment of counsel on 2 April 1986. On 7 April 1986, the Attorney General, Edwin Meese III, was served by certified mail.

The U.S. Attorney filed a motion to dismiss, or in the alternative, a motion for summary judgment on 2 June 1986. There are two prongs to the motion. First, the Government argued that the trial court had no jurisdiction over the postal service as the only proper defendant is the head of that agency in his official capacity. 42 U.S.C. § 2000e-16. In other words, the plaintiff failed to name and serve the proper defendant within thirty days of receipt of the right to sue letter. Even an amendment to the complaint would not eradicate that defect, or so the U.S. Attorney argued. Second, the U.S. Attorney claimed that Wood failed to exhaust his administrative remedies. The government observed that 28 C.F.R. 1613.214(a)(1)(i) requires that such a complaint must be brought to the attention of an EEO counselor within thirty days of the alleged discrimination. The appellee, in its summary judgment motion, asserts that Wood was effectively fired on 19 January 1985, and did not communicate with an EEO counselor until 19 February, 1985, some thirty-one days after the discriminatory act.

The counter-argument tendered by lawyerless Wood was that the thirty day right to sue letter advised him that a timely suit must be filed within thirty days. According to Wood, suit was filed within thirty days. The filing, when coupled with the reasons for

failure to serve timely the proper defendant, justify application of the doctrine of equitable tolling.  Wood also filed a motion to amend his petition to name and serve the proper defendant, the U.S. Postmaster.  Moreover, Wood presented written argument and evidence in opposition to the allegation that he failed to exhaust administrative remedies.

Prior to oral argument on the motion, Wood engaged the services of an attorney.  Finding that the court had no jurisdiction and that Wood had not exhausted his administrative remedies, the court ordered dismissal of the suit.

Wood's appeal to this court resulted in an affirmation without opinion.  *Wood v. U.S. Post Office,* 873 F.2d 295 (5th Cir.1989).  The Supreme Court granted Wood's writ for certiorari and vacated our decision and remanded the case for further consideration in light of *Irwin v. Veterans Administration,* 498 U.S. ----, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990);  *Wood v. U.S. Postal Service,* --- U.S. ----, 111 S.Ct. 1575, 113 L.Ed.2d 641 (1991).

EQUITABLE TOLLING

In *Irwin,* a fired VA employee and his attorney were mailed notices from the EEOC denying Irwin's claim for wrongful discharge.  The letter was received in Irwin's attorney's office on 23 March.  Irwin received the letter on 7 April.  Irwin's attorney was out of the country and did not learn of the EEOC action until 10 April.

A complaint was filed in federal court on 6 May, forty-four days after the notice was received at the attorney's office, but twenty-nine days after the date on which Irwin received the letter. Irwin argued that the thirty day period should run from the date he received the letter and, if not, the statute should be subject to the doctrine of equitable tolling.

The Supreme Court affirmed the dismissal of Irwin's suit, and ruled that the thirty day period began to run from the date of receipt by the person first to receive notice, in this case Irwin's attorney. In so doing, however, the Supreme Court harmonized the doctrine of tolling with waiver of sovereign immunity. The court explains the possible expansion of the doctrine of waiver of sovereign immunity with the following language:

> Once Congress has made such a waiver, we think that making the rule of equitable tolling applicable to suits against the Government, in the same way that it is applicable to private suits, amounts to little, if any, broadening of the congressional waiver. Such a principle is likely to be a realistic assessment of legislative intent as well as a practically useful principle of interpretation. We therefore hold that the same rebuttable presumption of equitable tolling applicable to suits against private defendants should also apply to suits against the United States.... Because the time limits imposed by Congress in a suit against the Government involve a waiver of sovereign immunity, it is evident that no more favorable tolling doctrine may be employed against the Government than is employed in suits between private litigants.... But the principles of equitable tolling described above do not extend to what is at best a garden variety claim of excusable neglect.

*Irwin,* 498 U.S. ---- at ----, 111 S.Ct. 453 at 457–58, 112 L.Ed.2d 435 at 444.

Appellant argues as follows:

The appellant pursued his case diligently but because of the delay (that was caused in processing his application to proceed in forma pauperis) and the fact that he did not have the assistance of legal counsel, the requirements of completing all filing and service within the thirty day limitation period could not be met.

The facts and circumstances supporting Wood's assertion of equitable tolling have never been considered by the district court. In light of the mandate in Irwin, we remand to the district court to determine if Wood's culpa is excused under equitable tolling principles.

SUMMARY JUDGMENT

A grant of summary judgment is reviewed de novo by this court applying the same substantive test as the district court. *General Electric v. Southeastern Health Care,* 950 F.2d 944, 948 (5th Cir.1991), citing with approval *Walker v. Sears, Roebuck and Company,* 853 F.2d 355, 358 (5th Cir.1988); *Resolution Trust Corp. v. McCrory,* 951 F.2d 68, 71 (5th Cir.1992), citing with approval *FDIC v. Hamilton,* 939 F.2d 1225, 1227 (5th Cir.1991). Rule 56(c) of the Federal Rules of Civil Procedure permits the granting of a summary judgment motion if, considering the pleadings and materials submitted in a light most favorable to the non-moving party, they "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c)

Here, EEO agent Morris stated, by affidavit, that Wood had not made a communication with Morris within thirty days of the

effective date of Wood's removal from employment. The affidavit also states that a counseling report form filed by Morris, with the notation that the request for counseling had been submitted timely, was made in error. Wood attaches to his opposition a copy of a letter written to the EEOC wherein Wood states that he communicated with Morris on 5 February 1985, well within the thirty day period. Wood also presented a copy of a letter to the EEOC written by the President of Wood's representative union, which complained about Morris' methodology in logging the date of initial communications.

In analyzing a summary judgment motion, we do not weigh the evidence or make credibility determinations. We review the record and our review of the record in this case leads us to the conclusion that there is conflicting factual evidence on the critical issue of the initial date of communication with the counseling official. The conflict here is of such import that if this evidence were submitted to a fact finder, a favorable decision to Wood might result.

For the foregoing reasons, the summary judgment granted by the district court on the issue of plaintiff's failure to sue or serve the proper defendant is REVERSED and REMANDED for further consideration in light of *Irwin v. Department of Veteran's Affairs,* 498 U.S. ----, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). The summary judgment granted by the district court on the issue of plaintiff's failure to exhaust administrative remedies is REVERSED and REMANDED for resolution of the factual dispute.