United States Court of Appeals,

Fifth Circuit.

No. 91–4044

Summary Calendar.

Waclaw SKOCZYLAS, Plaintiff–Appellant,

v.

FEDERAL BUREAU OF PRISONS, Defendant–Appellee.

May 27, 1992.

Appeal from the United States District Court for the Eastern District of Texas.

Before KING, EMILIO M. GARZA and DeMOSS, Circuit Judges.

KING, Circuit Judge:

The district court dismissed Waclaw Skoczylas's Title VII suit against his former government employer on the ground that Skoczylas had named the wrong defendant. Because the defendant had not received notice prior to the expiration of the limitations period, the Federal Rules of Civil Procedure in effect at the time did not permit him to amend his complaint to change the name of the party being sued. During the pendency of this appeal, however, the Rules have been amended to permit Skoczylas to amend his complaint, naming the proper party. Since we find that the Supreme Court intended the amendments to govern pending cases such as this one, we reverse and remand.

I. BACKGROUND

The Federal Bureau of Prisons (BOP) appointed Waclaw Skoczylas, a Roman Catholic priest and Polish immigrant, to be Catholic chaplain at the Federal Correctional Institute in Texarkana, Texas, in April 1984. Two months later, the BOP terminated his employment. Skoczylas pursued the appropriate administrative remedies within the BOP, seeking to rectify what he believed was discrimination on the basis of religion, national origin, and physical disability. When the BOP denied his claim, he appealed that decision to the Equal Employment Opportunity Commission, which affirmed the BOP's decision and informed Skoczylas of his right to sue in federal court.

Skoczylas timely filed suit in the Eastern District of Michigan, but named only the BOP as defendant. The statute requires that a Title VII suit against the federal government name as defendant "the head of the department, agency, or unit, as appropriate...." 42 U.S.C. § 2000e–16(c). In this case, only the U.S. Attorney General would have been the proper defendant. Skoczylas recognized that fact when the parties transferred the case by agreement to the Eastern District of Texas, where venue was proper. At the time of the transfer, the parties also agreed to name Richard Thornburgh, then-Attorney General, as the defendant in the suit.[1]

Skoczylas submitted his complaint one day before the expiration of the thirty-day period of limitations mandated by § 2000e–16(c).[2] Service of process, however, was not accomplished until well after the limitations period had expired. *Cf. Ynclan v. Dept. of Air Force,* 943 F.2d 1388, 1392 (5th Cir.1991). The district court dismissed the case, holding that Skoczylas's amendment naming the proper defendant did not relate back to his original filing because the government had not received notice of the suit before the end of the limitations period. *See Schiavone v. Fortune,* 477 U.S. 21, 29, 106 S.Ct. 2379, 2384, 91 L.Ed.2d 18 (1986).

## II. ANALYSIS

The only issue on appeal is whether the amendment substituting the proper defendant related back to the date the complaint was filed. Since the change was made after the limitations period had expired, the amendment to the complaint was subject to a defense of limitations unless it related back

---

[1]The agreement substituting the named defendant stated that the parties "do not stipulate that this amendment [of the pleadings] will automatically relate back to the filing of the original Complaint."

[2]Although the district clerk in Michigan stamped the complaint "received" on that day, the clerk did not actually file the complaint until one week later, when a magistrate had granted Skoczylas's motions for appointment of counsel and right to proceed in forma pauperis. We have held, of course, that the date of receipt by the clerk's office constitutes "filing" for the purpose of the statute of limitations. *Ynclan v. Dept. of Air Force,* 943 F.2d 1388, 1392 (5th Cir.1991) (citing *Hernandez v. Aldridge,* 902 F.2d 386, 388 (5th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 962, 112 L.Ed.2d 1049 (1991)). The government does not dispute that the complaint was timely filed.

to the date the complaint was filed, which was within the limitations period. *See Schiavone,* 477 U.S. at 25–26, 106 S.Ct. at 2382.

Relation back is governed by Rule 15(c) of the Federal Rules of Civil Procedure. *Schiavone,* 477 U.S. at 24, 29, 106 S.Ct. at 2381, 2384. At the time of the district court's ruling in this case, *Schiavone* was the controlling authority regarding relation back under Rule 15(c). Since then, however, the Supreme Court and Congress have amended the Rule "to change the result in *Schiavone* ... with respect to the problem of a misnamed defendant." Fed.R.Civ.P. 15 advisory committee note (1991 amendment).

Under *Schiavone,*

> [r]elation back is dependent upon four factors, all of which must be satisfied: (1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and (4) the second and third requirements must have been fulfilled within the limitations period.

*Schiavone,* 477 U.S. at 29, 106 S.Ct. at 2384. The critical issue in this case, as in *Schiavone,* was whether the party to be brought in had notice of the suit prior to the expiration of the limitations period.

Although Skoczylas argues that we should allow his amendment even under the *Schiavone* standard, we think it unnecessary to consider whether an exception applies in this case. During the pendency of this appeal, Rule 15(c) has been amended to provide that

> [a]n amendment of a pleading relates back to the date of the original pleading when
>
> . . . . .
>
> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if [the basic claim arose out of the conduct set forth in the original pleading] and, within the period provided by Rule 4(j) for service of the summons and complaint, the party

to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed.R.Civ.P. 15(c). As noted above, the advisory committee indicated that the express purpose of this amendment was to change the result in *Schiavone*. The only significant difference between the *Schiavone* rule and amended Rule 15(c) is that, instead of requiring notice within the limitations period, relation back is allowed as long as the added party had notice within 120 days following the filing of the complaint, or longer if good cause is shown. Fed.R.Civ.P. 4(j).

In this case the record reflects, and the parti es do not dispute, that the Attorney General received notice of the action within 120 days of the date the complaint was filed. Since the amended Rule took effect on December 1, 1991 (while this case was pending on appeal), we must determine whether it applies to this case. We hold that it does apply.

The statute authorizing the Supreme Court to prescribe Rules and amendments, via the Judicial Conference and its advisory committees, states:

> The Supreme Court may fix the extent such [amended] rule shall apply to proceedings then pending, except that the Supreme Co urt shall not require the application of such rule to further proceedings then pending to the extent that, in the opinion of the court in which such proceedings are pending, the application of such rule in such proceedings would work injustice, in which event the former rule applies.

28 U.S.C. § 2074. The amendment at issue in this case was adopted by the Court on April 30, 1991. In its order, the Court stated that the amendments "shall take effect on December 1, 1991, and shall govern all proceedings in civil actions thereafter commenced and, insofar as just and practicable, all proceedings in civil actions then pending." Order Adopting Amendments to Federal Rules of Civil Procedure, 111 S.Ct. 813 (1991).

We are the third circuit to consider the effect of amended Rule 15(c) on a pending appeal. *See Bayer v. United States Dept. of Treasury,* 956 F.2d 330 (D.C.Cir.1992); *Freund v. Fleetwood*

*Enters.,* 956 F.2d 354 (1st Cir.1992). In *Bayer,* the D.C. Circuit decided a case procedurally indistinguishable from this one.[3] The D.C. Circuit quoted the Supreme Court's order adopting the amendment, then held that "[c]hanging the designation of defendant from "Department' to "Secretary' unquestionably meets [the Supreme Court's "just and practicable'] test." *Bayer,* 956 F.2d at 334.

*Freund* presented the First Circuit with a somewhat different problem. The plaintiff in that case sued a number of defendants, alleging liability for a death caused by a fire that destroyed the decedent's motor home. The plaintiff incorrectly named one of the defendants, and attempted at a later date to amend the complaint to substitute the correct name. The district court held that the amendment did not relate back because the properly named defendant had not been served within the limitations period. The First Circuit held that amended Rule 15(c)(3) did not apply to the case before it because "application of the amended rule in this case would work a "manifest injustice.' " *Freund,* 956 F.2d at 363.[4]

The First Circuit based its determination of manifest injustice on two factors. First, the court noted that the case had already been tried on the same theory against the remaining defendants, and the jury had found against the plaintiff. It found no reason to give the plaintiff a second bite at the apple. *Id.* Second, the court criticized the plaintiff-appellant's poor briefing of the issues on appeal. Had the case been briefed more efficiently and succinctly, the appeal would likely have been decided prior to December 1, 1991, and there would have been no question that the amended Rule did not

---

[3]The only arguable difference was that in that case the government did not argue the relation-back argument before the district court. The district court there granted the government's motion for summary judgment based on its contention that the plaintiff had failed to contact an EEO counselor within thirty days of the alleged discrimination. On appeal, however, the government tendered the relation-back argument as an alternative basis to affirm the district court's judgment. The D.C. Circuit's discussion of the issue constitutes an alternative holding of the court. *See Pruitt v. Levi Strauss & Co.,* 932 F.2d 458, 465 (5th Cir.1991).

[4]The *Freund* court did not explicitly consider the Supreme Court's order. Instead, it noted the general rule that an appellate court will apply the law in effect at the time the appeal is decided, unless such an application would work a "manifest injustice." *Freund,* 956 F.2d at 363 (citing *Bradley v. Richmond School Board,* 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974)).

apply.[5] *Id.*

This case is procedurally very similar to *Bayer.* No trial has taken place here; indeed, the government seeks to rely on a now-obsolete procedural loophole in order to avoid trial. The outcome under *Schiavone,* upon which the government relies, "was inconsistent with the liberal pleading practices secured by Rule 8." Rule 15 advisory committee note (1991 amendment).

We note also that our own jurisprudence requires that, "to the maximum extent possible, the amended Rules should be given retroactive application." *Atlantis Dev. Corp. v. United States,* 379 F.2d 818, 823 (5th Cir.1967). In that case, we applied amended Rule 24(a), governing intervention of right, to a case which had been decided by the district court before the amendment took effect.

In short, we can find no reason not to apply the law in effect at the time of our decision. As amended, Rule 15(c)(3) clearly permits the name-change Skoczylas attempted in the district court. We cannot say that such a change would work a "manifest injustice." Although we can find no fault with the district court's ruling based on the law in effect at the time of its decision, we must nevertheless remand the case for further proceedings in the light of the amended procedural rules.

III. CONCLUSION

We REVERSE and REMAND this case to the district court for further proceedings consistent with this opinion.

---

[5]We note that, in this case, our consideration of the appeal was also delayed, but by action of our own court, not by any act or omission of the plaintiff-appellant. We delayed consideration of this case until we had reached a decision in *Wood v. United States Postal Serv.,* 956 F.2d 493 (5th Cir.1992), on remand from the Supreme Court. Since we hold that amended Rule 15(c)(3) governs the outcome in this case, we need not decide the effect of *Wood.*