**Sylvia Ortega HOUSER**

v.

**Donald B. RICE, et al.**

**Civ. A. No. 92-1544.**

United States District Court,
W.D. Louisiana,
Alexandria Division.

Oct. 6, 1993.

---

Field V Gremillion, III, Alexandria, LA, Alfred Edward Stephens, Law Office of Alfred E. Stephens, Dallas, TX, for plaintiff.

Sylvia Ortega Houser, pro se.

John Robert Halliburton, U.S. Attorney's Office, Shreveport, LA, for defendants.

Daniel E. Broussard, Jr., Broussard Bolton Halcomb & Vizzier, Alexandria, LA, for Local 1973 American Federation of Government Employees AFL–CIO.

## RULING

LITTLE, District Judge.

Plaintiff Sylvia Houser has filed a civil rights action with this court claiming that she was wrongfully terminated from her job because of her age and her race and because she reported this discrimination to various federal agencies. At the time of the alleged violation, plaintiff, a forty-four year old hispanic woman, was employed as a medical clerk in the Patient Administration Section of the 23rd Tactical Fighter Wing Hospital, England Air Force Base, Louisiana. Following her release from this position, plaintiff filed an administrative Merit Systems Pro-

tection Board ("MSPB") appeal on 8 December 1989, claiming that her removal was based on age and race discrimination. On 14 December 1989, plaintiff filed an administrative Equal Employment Opportunity Commission ("EEOC") complaint based on the same allegations as the MSPB complaint. The EEOC complaint was subsequently rejected on the grounds that it contained matters identical to those pending in the MSPB appeal. Plaintiff was then notified of her right to commence, within 20 calendar days, an EEOC appeal of the rejection decision, or, within 30 calendar days, a civil action contesting the same. Plaintiff received notice of the final agency decision on 17 March 1990, and chose to file a civil action in the Northern District of Texas on 8 May 1990, more than 30 days after receiving notice from the EEOC. Insofar as plaintiff's MSPB complaint had not yet reached a final adjudication, the judicial complaint was dismissed without prejudice on 19 September 1990. An initial MSPB decision was rendered on 24 August 1990, which affirmed the plaintiff's removal. Plaintiff petitioned for review of this decision on 27 September 1990, and received a rejection of her appeal on 3 April 1991. Plaintiff then exercised the option to appeal to the EEOC for review of the MSPB decision, which she did on 15 April 1991. On 8 July 1991, the EEOC determined that plaintiff was not a victim of age or race discrimination and advised plaintiff that she had 30 days upon receipt of the EEOC decision to file a civil complaint. Plaintiff received notice of this on 10 July 1991 and filed a complaint in the Northern District of Texas on 20 August 1991, more than 30 days after notice of the EEOC decision. An amendment to the complaint was filed by plaintiff on 10 December 1991. In August 1992, the case was transferred from the Northern District of Texas to the Western District of Louisiana, where it was filed on 10 August 1992.

Before this court is defendants' motion to dismiss for insufficiency of process and insufficiency of service of process under Fed. R.Civ.P. 8(a) and 4(j); failure to state a claim upon which relief can be granted under Fed. R.Civ.P. 12; and, alternatively, summary judgment pursuant to Fed.R.Civ.P. 56. Ad-

ditionally, defendants move to strike plaintiff's demand for compensatory damages. We will address first defendants' insufficiency of process and service of process claims.

Defendants argue that plaintiff's complaint should be dismissed for insufficiency of process on the basis that plaintiff failed to plead and prove the jurisdiction of this court.

■ Fed.R.Civ.P. 8(a) sets forth the general rules of pleading. The rule provides that "[a] pleading which sets forth a claim for relief ... shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends." Because federal courts are courts of limited jurisdiction, there is no presumption that they have the subject matter jurisdiction to rule upon a particular case. Therefore, Rule 8(a) serves to inform and prove to the court the basis for its jurisdiction. *See generally, Wright & Miller,* Federal Practice & Procedure: Civil 2d § 1205. It is well settled, however, that where a complaint is deficient in citing the statute conferring jurisdiction, this omission will not defeat jurisdiction where the facts alleged in the complaint satisfy the jurisdictional requirements of the statute. *Hildebrand v. Honeywell, Inc.,* 622 F.2d 179 (5th Cir.1980) (employment discrimination action should not have been dismissed for lack of jurisdiction where the complaint, which alleged diversity jurisdiction but no federal statute, alleged facts sufficient to bring it within the jurisdictional requirements of Title VII and the Age Discrimination in Employment Act); *Southpark Square Ltd. v. City of Jackson,* 565 F.2d 338, 341 n. 2 (5th Cir.1977), *cert. denied,* 436 U.S. 946, 98 S.Ct. 2849, 56 L.Ed.2d 787 (1978). Additionally, under Rule 8(a), the district court has the duty to read the complaint liberally. *Hildebrand,* 622 F.2d at 181.

■ A reading of plaintiff's entire complaint reveals a basis for assuming that the court has jurisdiction over the case under Title VII and the Age Discrimination in Employment Act. Plaintiff has charged defendants with "prohibited personnel practices, unequal treatment, harassment and discrimination of my race and age ...." In addition, plaintiff attached a copy of the EEOC dispo-

sition, in which the EEOC concluded that Sylvia Houser was not discriminated against in violation of Title VII of the Civil Rights Act of 1964 or the Age Discrimination in Employment Act of 1967, *as amended,* 29 U.S.C. § 621 *et seq.* Because we find that these allegations are sufficient to bring plaintiff's claim within the court's jurisdiction, defendants' motion to dismiss on these grounds is denied.

Next, defendants argue that plaintiff's complaint should be dismissed for insufficiency of service of process. Specifically, defendants argue that plaintiff failed to comply with the service requirements upon the filing of her initial complaint on 20 August 1991, and again upon the amendment of her complaint on 10 December 1991.

■ Service of process is governed by Fed.R.Civ.P. 4(j). This rule provides that "[i]f a service of a summons and complaint is not made upon a defendant within 120 days after the filing of the complaint" and the party required to effect service cannot show good cause why service was not made, the claim shall be dismissed against the plaintiff without prejudice. In the absence of good cause, dismissal is mandatory. *McDonald v. U.S.,* 898 F.2d 466, 467 (5th Cir.1990); *Traina v. U.S.,* 911 F.2d 1155, 1156 (5th Cir. 1990); *see also Systems Signs Supplies v. United States Dept. of Justice,* 903 F.2d 1011, 1012 (5th Cir.1990).

Plaintiff filed this action in the Northern District of Texas on 20 August 1991. Over a year later, on 16 September 1992, plaintiff first attempted service upon the United States of America, through William J. Flanagan, Assistant U.S. Attorney; William Barr, Attorney General; Donald B. Rice, Secretary of the Air Force; Maurice Johnson, Employee Relations Officer; Lorenzo G. Parrish, Captain, United States Air Force; Alfredo Ontiveros, Major, United States Air Force; John N. Sturdivant, President, American Federation of Government Employees;[1] and Janet Brown, Sergeant, England Air Force Base. Plaintiff argues in her opposition to defendants' motion to dismiss that "valid service was made upon DONALD RICE and the DEPARTMENT OF THE AIR FORCE as well as other defendants," and includes as Exhibit "1" the "Government's letter in response to that of the undersigned requesting additional address information on Major Alfredo Ontiveros." This letter, it is claimed, estops the Department of the Air Force from seeking a dismissal under Rule 4(j).

■ As discussed above, Rule 4(j) is mandatory, and the court must dismiss unless the defendants have been properly served within 120 days. *See Traina,* 911 F.2d at 1156; *Winters v. Teledyne Movible Offshore, Inc.,* 776 F.2d 1304, 1305 (5th Cir.1985). "The only exception to Rule 4(j) dismissal is good cause.... Later service or later knowledge by the defendant is irrelevant to that." *Winters,* 776 F.2d at 1306. Rule 4(j) places the burden on the plaintiff to show good cause. *Id.* at 1305. The plaintiff here neglects to offer a satisfactory explanation for her failure to perfect timely service, much less show good cause for her lateness.

■ The defendants also seek dismissal of the complaint on an additional basis: that plaintiff's Title VII claim was untimely filed in the first instance. Under 42 U.S.C. § 2000e–16(c); 29 C.F.R. § 1613.281(a), actions brought pursuant to Title VII must be brought within 30 days of receipt of a final decision of the agency or the EEOC. This filing period is equivalent to a statute of limitations and, therefore, subject to equitable tolling. *See Irwin v. Dept. of Veterans Affairs,* 498 U.S. 89, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990); *Rowe v. Sullivan,* 967 F.2d 186, 192 (5th Cir.1992); *Wood v. U.S. Postal Service,* 956 F.2d 493, 495 (5th Cir. 1992). A relaxing of the statutory filing requirement is permitted upon a showing by the plaintiff that she acted diligently to preserve her claim. *See Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 151, 104 S.Ct. 1723, 1725, 80 L.Ed.2d 196 (1984). For instance, equitable relief from an elapsed statute of limitations has been allowed "where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by

1. All claims against this defendant were dismissed on 8 February 1993.

his adversary's misconduct into allowing the filing deadline to pass." *Irwin,* 498 U.S. at 96, 111 S.Ct. at 458. In addition, equitable tolling occasionally has been applied in cases where a claimant, due to a lack of sophistication, does not understand the proceedings. *See Rowe v. Sullivan,* 967 F.2d at 192.

■ Plaintiff in this case received final notice from the EEOC on 10 July 1991, but did not file her civil claim in the Northern District of Texas until 30 August 1991. In defense, plaintiff explains that she was overcome by "the sheer weight of these proceedings." Despite plaintiff's pro se status at the time of filing of her complaint, we fail to find equitable tolling to be applicable in this case. Nothing could be more simply stated than the requirements for timely filing.

For these reasons, the defendants' motion to dismiss is GRANTED, and all claims against the defendants are DISMISSED with prejudice.