Mary Lucille WHITE

v.

**BETHLEHEM STEEL CORP.**

No. 1:94–CV–0029.

United States District Court, E.D. Texas, Beaumont Division.

June 28, 1995.

James A. Morris, Jr., Provost & Umphrey, Beaumont, TX, for plaintiff.

Mary Lucille White, Beaumont, TX, pro se.

James W. Hambright, Orgain Bell & Tucker, Beaumont, TX, for defendant.

## MEMORANDUM OPINION

COBB, District Judge.

Plaintiff, Mary Lucille White (White), proceeding *pro se*, filed a charge of racial discrimination with the Equal Opportunity Commission (EEOC) on September 25, 1992. She alleged that her employer, Bethlehem Steel (Defendant), refused to promote her to the position of Senior Buyer due to her race. On February 27, 1993, the EEOC's Houston District Office informed White her claim had been denied and that she had a right to file suit against the defendant in federal district court; it further informed her that if she failed to file suit within 90 days of the receipt of the letter, she would lose her right to sue.

On May 19, 1993, plaintiff filed a motion in federal district court pursuant to 42 U.S.C. § 2000e–5(f)(1).[1] She sought to proceed in this matter without the payment of fees and sought appointment of counsel to represent her in federal court. The application to proceed *in forma pauperis* and to appoint counsel was referred to Magistrate Judge Wendell Radford by Judge Joe J. Fisher. On November 2, 1993, Judge Radford issued his Report and Recommendation; he recommended denial of plaintiff's motion to pro-

ceed *in forma pauperis* and denied her motion for appointment of counsel. On December 10, 1993, Judge Joe J. Fisher adopted the findings of Judge Radford and granted plaintiff an additional 30 days to file her Title VII action in federal district court.[2]

It is undisputed that plaintiff did not initiate a cause of action in federal district court until 31 days after she received Judge Fisher's order.[3]

Defendant now moves to dismiss plaintiff's cause of action as untimely.

Before analyzing her claim, the court is aware that the district clerk's office maintains printed forms for persons seeking to file discrimination claims based on EEOC appeals. One is a printed form seeking "Affidavit in Support of Motion,[4] Leave to proceed *in forma pauperis*, and for appointment of counsel," and a printed "Motion." The plaintiff filled in the blank spaces, and the clerk's office routinely filed the same without the pre-payment of filing fees. The second printed form is a printed "Complaint,"[5] with blanks to be filled in and filed *pro se*, but requires the payment of $120 filing fee.[6]

On May 19, 1993, Mrs. White filed such a motion and affidavit. In the affidavit she stated her monthly wages were $2753, she had $120 in a checking account, owned an automobile she valued at $3500, a three-bedroom house valued at $51,210, and stated she was not unable to pay an attorney to represent her.

At the least, she could have, upon receipt of her next paycheck from Bethlehem, filed a pre-printed *pro se* suit with the payment of the filing fee. Instead, she sought the appointment of an attorney despite her representation of her monthly $2753 wages, her

---

**1.** 42 U.S.C. § 2001e–5(f)(1) provides, in relevant part, "[u]pon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant and may authorize commencement of the action without payment of fees, costs, or security."

**2.** Absent her application to proceed *in forma pauperis*, and the report of the magistrate judge and the district judge's 30–day extension which was entered December 10, 1993, plaintiff's 90–day period expired on May 28, 1993.

**3.** Plaintiff received Judge Fisher's order on December 14, 1993. She filed her complaint on January 14, 1994.

**4.** This printed form is in the clerk's file in this case.

**5.** This printed form is also in the file in this case.

**6.** 28 U.S.C.A. § 1914(a).

$51,000 house, and $3500 auto. She was allowed until January 12 or 13, 1994, to file,[7] some seven and one-half months additional time, by filing the motion to proceed *in forma pauperis,* and awaiting the ruling thereon. The court has wide discretion concerning equitable tolling, but should examine each case on its own facts.

## ANALYSIS

In *Zipes v. Trans World Airlines,* 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982), the Supreme Court held that timely filing of an employment discrimination charge with the EEOC is not a jurisdictional prerequisite to a Title VII suit. The court stated in *Zipes* that the time limit for filing a charge is subject to waiver, estoppel, and equitable tolling. In *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984), the court noted that equitable principles could be applied to toll the running of the 90–day statutory period to commence a Title VII action. The Fifth Circuit, citing *Baldwin County,* has held that the 90–day requirement is both nonjurisdictional and subject to tolling and waiver. *Espinoza v. Missouri Pacific Railroad Co.,* 754 F.2d 1247, 1248 n. 1 (5th Cir.1985).

■ In *Baldwin County,* the court listed some of the circumstances in which equitable tolling of the 90–day period may be justified: (1) where notice from the EEOC does not adequately inform plaintiff of the requirement that suit be commenced within the statutory period; (2) where a motion for appointment of counsel is pending; (3) where the court itself led plaintiff to believe that she has satisfied all statutory prerequisites to suit; and (4) where the defendant has, through affirmative misconduct, lulled the plaintiff into inaction. *Baldwin County,* 466 U.S. at 151, 104 S.Ct. at 1725. If the plaintiff fails to act in a diligent manner, however, the 90–day period will not be tolled. *Baldwin County,* 466 U.S. at 151, 104 S.Ct. at 1725.

■ Plaintiff fails to make any showing sufficient to invoke equitable tolling under *Baldwin.* The notices in both the EEOC letter and Judge Fisher's order were clear, straightforward, and easy to understand. The record indicates that plaintiff is an intelligent, educated woman, and easily capable of comprehending the time limits set out in the EEOC letter and Judge Fisher's order. In addition, Judge Fisher granted plaintiff an additional 30 days in which to file her suit. For whatever reason, plaintiff chose to wait 31 days before filing her suit.[8] Simply neglecting to heed a limitations period will not serve to invoke equitable tolling; this is true even when the plaintiff is proceeding *pro se.* See *Houser v. Rice,* 151 F.R.D. 291, 295 (W.D.La.1993).

On two occasions (July 7, 1994, and January 6, 1995), the court scheduled management conferences, and the plaintiff dutifully appeared, and requested additional time to employ an attorney. Each request was granted because the plaintiff stated she was unable to pay the substantial retainer fees requested. She is by no means a pauper, but a middle-class, stable working woman. Finally, as a *pro bono* assignment, a qualified, competent trial lawyer known to the court accepted the assignment without prior knowledge of Judge Radford's recommendations, and the district judge's ruling on her request for extension of time. As stated, the plaintiff is an intelligent and educated person, and has offered no excuse for the delay. Her notification of the 30–day extension was duly received and the last day was neither a Saturday, Sunday, or holiday, but a Wednesday or Thursday.

Finally, the court is not unmindful that the defendant has also filed a Motion for Summary Judgment with appropriate supporting documentation that it has never had a position in its Sabine yard facility of Senior Buyer; and, in fact, has had only one buyer at Sabine Yard for a number of years, which

---

7. White has represented she received the notice December 14, 1993, but the clerk's docket sheet shows she received it December 13, 1993.

8. The Fifth Circuit has held that merely filing a motion for appointment of counsel in a Title VII suit does not constitute commencement of the action. *Firle v. Mississippi State Dept. of Ed.,* 762 F.2d 487, 489 (5th Cir.1987). Accordingly, plaintiff did not commence her action, within the meaning of Title VII, until January 14, 1994.

was the plaintiff. Indeed, the EEOC determination by the District Director, stated:

> Examination of the evidence indicates that Respondent does not have a Senior Buyer position at the Respondent's Sabine Ship Yard facility. Additionally, evidence shows that the Charging Party did not apply for any other position, consequently, the Charging Party was not considered for promotion to any other position. Based on this analysis, I have determined that the evidence obtained during the investigation does not establish a violation of the statute.

Accordingly, defendant's Motion to Dismiss is GRANTED, and all claims against the defendant are DISMISSED with prejudice.