# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 15, 2010

Lyle W. Cayce
Clerk

No. 09-30135
Summary Calendar

DWAN TAPP,

Plaintiff–Appellant

v.

SHAW ENVIRONMENTAL, INC.; CROWN ROOFING SERVICES INC.,

Defendants–Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:08-CV-1134

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Dwan Tapp appeals the district court's granting Shaw Environmental, Inc. ("Shaw") and Crown Roofing Services, Inc.'s ("Crown") motion for summary judgment. Tapp was leased a temporary trailer by the Federal Emergency Management Agency ("FEMA") after Hurricanes Katrina and Rita, and allegedly suffered severe burns when a different trailer she was occupying caught fire. Tapp timely filed suit against various entities allegedly involved with her leased

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-30135

trailer, and amended her Complaint to add Shaw and Crown–allegedly involved with the trailer she was occupying when the fire occurred–after the one-year proscriptive period had ended.  The district court granted their motions for summary judgment on the grounds that Tapp's claims against them did not relate back to the original Complaint.  Because Tapp served Shaw within 120 days of the filing of her original Complaint and failed to provide any evidence that Crown received notice of the action or had knowledge it was an intended defendant within 120 days of the filing of her complaint, we reverse the district court's granting of summary judgment with respect to Shaw and affirm with respect to Crown.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Tapp leased a trailer in Kenner, Louisiana from FEMA following Hurricanes Katrina and Rita.  On February 27, 2007, Tapp occupied a different trailer in the same trailer park when it caught fire and was destroyed.  Tapp suffered severe burns over her body as a result of the fire.  Tapp filed suit in the United States District Court for the Eastern District of Louisiana on February 26, 2008, naming as defendants Gulf Stream Coach, Inc., Fluor Enterprises, Inc., Del-Jen, Inc., and Atwood Mobile Products, LLC.  On June 13, 2008 Tapp filed an amended Complaint adding Fleetwood Enterprises, Inc. ("Fleetwood"), Shaw Group, and Crown as defendants.  On August 8, 2008, Tapp added Shaw as a defendant.  All defendants except Fleetwood, Crown, and Shaw were subsequently dismissed from the case.

Fleetwood filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on October 28, 2008[1] and Crown and Shaw filed motions for summary judgment pursuant to Rule 56 on October 29, 2008 and November 5, 2008, respectively.  The district court granted all three motions and dismissed

---

[1] Tapp subsequently dismissed Fleetwood from the case.

No. 09-30135

Tapp's claims against them with prejudice in a February 11, 2009 Order on the ground that Tapp's amended Complaint did not "relate back" to the original Complaint under Rule 15(c) and that her suit against them was therefore not timely.  Tapp timely appealed.

## II.  JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction under 28 U.S.C. § 1291, and review "the district court's grant of summary judgment *de novo*, applying the same standard as the district court." *Chaney v. Dreyfus Serv. Corp.*, 595 F.3d 219, 228–29 (5th Cir. 2010) (citing *Golden Bridge Tech., Inc. v. Motorola, Inc.*, 547 F.3d 266, 270 (5th Cir. 2008)).  Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). "Factual controversies are construed in the light most favorable to the nonmovant, but only if both parties have introduced evidence showing that an actual controversy exists." *Lynch Props., Inc. v. Potomac Ins. Co. of Ill.*, 140 F.3d 622, 625 (5th Cir. 1998) (citing *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)).

## III.  ANALYSIS

"[T]he addition of [a] new defendant commences the lawsuit as to it." *Braud v. Transport Service Co. of Illinois*, 445 F.3d 801, 806 (5th Cir. 2006). Federal Rule of Civil Procedure 15(c)(1)(C) provides the exception to this rule and allows in certain circumstances for the "relation back" of amendments modifying the defendants against whom the suit is brought. *Id.* at 806 & n.12 (noting that Rule 15(c)(1)(C) apparently refers only to substituting or changing a defendant rather than adding a new defendant, and that the Rule provides an exception for the misnomer of a defendant).  Federal Rule of Civil Procedure 15(c)(1) provides:

3

No. 09-30135

> An amendment to a pleading relates back to the date of the original pleading when:
>> (A) the law that provides the applicable statute of limitations allows relation back;
>> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out — or attempted to be set out — in the original pleading; or
>> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

FED. R. CIV. P. 15(c)(1).[2] Rule 4(m) provides a 120-day time period in which a defendant must be served after a complaint is filed, and this 120-day period also applies to Rule 15(c)(1)(C)(i) and (ii)'s provisions.

Rule 15(c)(1)(C) was amended in 1991 to change, *inter alia*, the time in which a new defendant must have notice of the action and have knowledge that the action would have been brought against it but for the plaintiff's mistake. Old 15(c)(3) required notice and knowledge "within the period provided by law for

---

[2] Tapp also argues that *Ray v. Alexandria Mall*, 434 So.2d 1083 (La. 1983), provides the standard against which to evaluate her Complaint. That case, however, interprets Louisiana Code of Civil Procedure article 1153, whereas this case is governed by the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 1. Even under Louisiana law, "the addition of a new defendant does not relate back to the original complaint unless a misnomer situation as described in rule 15(c)(3) applies." *Braud*, 445 F.3d at 807 (referring to old Rule 15(c)(3), which was renumbered in 2007 without substantive change "as part of the general restyling of the Civil Rules," at which time it received its current placement in Rule 15(c)(1)(C). Advisory Committee's 2007 Notes on Fed. Rule Civ. Proc. 15, 28 U.S.C.App., p. 37 (2006 ed., Supp. II)); *see id* at 807 n.13 ("Louisiana procedural law with respect to relation back is modeled after the federal rule and that relation back does not 'apply where the amendment seeks to add new and unrelated defendants, since this would be tantamount to assertion of a new cause of action.'") (quoting *Ray*, 434 So.2d at 1987).

No. 09-30135

commencing the action against the party to be brought in by amendment," which was changed by amendment to extend the time to the 120-days provided by Rule 4(m). *See* FED. R. CIV. P. 15(c) Advisory Committee Notes (1991 Amendment) (stating that the intent of the change was to overrule *Schiavone v. Fortune*, 477 U.S. 21 (1986)); *Skoczylas v. Fed. Bureau of Prisons*, 961 F.2d 543, 545 (5th Cir. 1992) ("The only significant difference between the *Schiavone* rule and amended Rule 15(c) is that, instead of requiring notice within the limitations period, relation back is allowed as long as the added party had notice within 120 days following the filing of the complaint, or longer if good cause is shown."). The United States Supreme Court recently explained that "the purpose of relation back[ is] to balance the interests of the defendant protected by the statute of limitations with the preference expressed in the federal Rules of Civil Procedure in general, and Rule 15 in particular, for resolving disputes on their merits." *Krupski v. Costa Crociere S.p.A.*, --- U.S. ----, 130 S.Ct. 2485, 2488 (2010).

Tapp appeals the district court's order granting summary judgment on the ground that her amended Complaint adding Crown and Shaw did not relate back to her original Complaint and that her claims against them were therefore not timely.[3] Tapp's original Complaint sued the original defendants on the grounds that they were allegedly connected to the trailer that she leased and which Tapp believed had been destroyed in the February 27, 2007 fire. Only later did Tapp determine that the trailer she leased was not the trailer that had caught fire and in which she had suffered her injuries, and subsequently amended her Complaint to name parties allegedly related to the second trailer.

It is undisputed that the amendment relates to the trailer fire pled in Tapp's initial Complaint. Tapp filed her original Complaint on February 26,

---

[3] Under Louisiana law, Tapp had one year from the date of the trailer fire to file her Complaint. LA. CIV. CODE ANN. art. 3492 (2009) (establishing one-year prescriptive period for delictual actions).

2008, and filed her amended Complaint on June 13, 2008. Shaw executed a waiver of service of summons of the amended Complaint on June 25, 2008, exactly 120 days after the filing of Tapp's original Complaint. Within the time provided by Rule 4(m), therefore, Shaw received actual notice of the action and had knowledge or should have known that it would have originally been sued but for Tapp's mistake. This is sufficient for Tapp's claims against Shaw to relate back to the filing of her original Complaint. The record is devoid of–and Tapp has failed to produce–any record of the amended Complaint being served on Crown or Crown being otherwise aware of Tapp's suit within the period outlined by Rule 4(m).[4] Nor has she provided any evidence that Crown had actual knowledge or should have been aware that it was an intended party to the suit within 120 days of the filing of Tapp's original Complaint. Tapp has therefore failed to establish that relation applies with respect to Crown and her claim against it is therefore untimely.

## IV.  CONCLUSION

The district court incorrectly determined that Shaw had no knowledge of Tapp's suit within the 120-day period outlined in Rule 4(m) and incorrectly determined that her amended Complaint naming Shaw as a defendant did not relate back to the date of her original Complaint. The district court correctly determined that Crown had no notice nor knowledge that it should have been sued originally within the 120-day period dictated by Rule 4(m). We therefore reverse the district court's granting of summary judgment with respect to Shaw and affirm with respect to Crown.

REVERSED and REMANDED in part and AFFIRMED in part.

OWEN, J., joins only in the judgment.

---

[4] Crown's first appearance in this action was on August 14, 2008–170 days after the filing of Tapp's original Complaint–when it filed its Answer to the amended Complaint.