# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-50165
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
October 27, 2015

Lyle W. Cayce
Clerk

JOANN WATERS,

      Plaintiff - Appellant

v.

CITY OF HEARNE, TEXAS; OFFICER CHRISTOPHER WITZEL; OFFICER JANE DOE,

      Defendants - Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:14-CV-295

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:*

Joann Waters sued the city of Hearne, Texas and two of its police officers for violating her civil rights. The district court granted the Defendant's motion for judgment on the pleadings. Waters appealed in part. We AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50165

## I.     FACTS AND PROCEEDINGS

Joann Waters ("Waters"), an African American female, has lived her entire adult life in Robertson County, Texas. Waters is a retired teacher who spends her time volunteering in her local community. Waters's troubles with the Hearne Police Department started in 2007. The owner of a local storage facility called the police during an argument with Waters, who claimed that her property was being unlawfully detained. Two officers responded: one was Officer Christopher Witzel ("Witzel"), a named defendant in the present case. After an unsuccessful conversation, Witzel ordered Waters to leave the premises. That same afternoon, those same two officers arrested Waters at her home under an outstanding warrant for a traffic violation. Waters asserts that the officers, "as retaliation for Defendant Witzel's perceived disrespect of his authority," . . . "snatched her out of her house, slammed her onto the ground and handcuffed her." Waters claims that Witzel injured her and refused her medical treatment. Waters filed a lawsuit against the city of Hearne, Witzel, and the second arresting officer for their alleged misconduct. The district court dismissed the lawsuit with prejudice in 2010.

Waters filed her current lawsuit in 2014, claiming that she has been an ongoing target of the Hearne Police Department, Witzel, and Jane Doe (an unidentified police officer) since the 2007 incident because she is a minority. In addition to the 2007 arrest, Waters points to three additional incidents to support her claim:

1. Witzel responded to a call about a rabid skunk in Waters's neighborhood and shot it. Waters claims that Witzel shot once, made eye contact with her, and "fired his gun about 3 more times, in what [Waters] believes was an attempt to intimidate her."

2

2. Waters had a minor car accident in 2012; the other driver called the police. Witzel responded to the call. Witzel's presence made Waters uncomfortable, so she asked him to call another officer to the scene and then leave. Witzel called for a new officer and a second Hearne police officer arrived on-scene. The officer issued Waters a ticket. A Texas Highway Patrol officer was also present. Despite the presence of two other law enforcement personnel, Witzel remained on-scene to "further intimidate [Waters] and influence in the investigation."

3. In November 2012, defendant Jane Doe followed Waters for several miles before eventually pulling her over because, allegedly, the light around Waters's license plate was not working. Waters asked to leave her vehicle to check the light herself, but Jane Doe refused the request and issued Waters a verbal warning. But no ticket. When Waters checked her lights, they worked fine.

Based on these four incidents and the Hearne Police Department's "well-documented, long [] history of illegally and unfairly targeting minorities," Waters sued the city of Hearne, Witzel, and Jane Doe under 42 U.S.C. §§ 1983, 1985, and 1989 and Texas state law. The district court granted the Defendant's motion for judgment on the pleadings, denying any relief to Waters.

Waters raises two issues on appeal:[1] first, whether the district court erred in barring Waters's § 1983 claim against Jane Doe; and second, whether the district court erred in dismissing Waters's § 1983 claim against the city of Hearne under a failure to train or failure to supervise theory.

---

[1] In her Statement of Issues, Waters lists a third issue—whether a jury could find that the actions of the Hearne Police Department constituted a conspiracy under § 1985. She does not address the § 1985 issue again in her brief: there is no further mention of § 1985, a conspiracy, or any related district court error. Waters has waived this claim. *See United States v. Martinez*, 263 F.3d 436, 438 (5th Cir. 2001) ("Generally speaking, a defendant waives an issue if he fails to adequately brief it."); *see also* FED. R. APP. P. 28(a)(8)(A) (the brief must contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies"). And Waters challenges neither the district court's dismissal of the claims against Witzel nor the dismissal of the Texas state law claims.

## II.   STANDARD OF REVIEW

We review the district court's grant of the Rule 12(c) motion for judgment on the pleadings *de novo*.  *Gentilello v. Rege*, 627 F.3d 540, 543 (5th Cir. 2010). "[T]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief."  *Id*. at 544 (quoting *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)).  We accept factual allegations as true, *Doe*, 528 F.3d at 418, but "[w]e do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions."  *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).  The complaint therefore "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Phillips v. City of Dallas*, 781 F.3d 772, 775-76 (5th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## III.   DISCUSSION

### A.   Waters's § 1983 claim against Jane Doe was properly barred by limitations

Waters alleges that officer Jane Doe's traffic stop in November 2012 was an illegal seizure under the Fourth Amendment.  We need not reach the merits of this claim because the district court was correct in holding that the claim was barred by limitations.  "The limitations period for a § 1983 action is determined by the state's personal injury limitations period."  *Whitt v. Stephens Cnty.*, 529 F.3d 278, 282 (5th Cir. 2008).  In Texas it is two years. TEX. CIV. PRAC. & REM. CODE ANN. § 16.003 (2005).  The traffic stop occurred in November 2012; the district court dismissed Waters's claim against Jane Doe in January 2015; Waters had not identified Jane Doe by the court's dismissal.  So the claim against Jane Doe was time barred.

Waters argues that she made a reasonable attempt to identify Jane Doe by sending an open records request to the city of Hearne requesting Doe's

4

name.  She never heard back.  This, she argues, is "good cause" to extend the 120 day time limit for service required by FED. R. CIV. P. 4(m).  *See Skoczylas v. Fed. Bureau of Prisons*, 961 F.2d 543, 545 (5th Cir. 1992) (citing FED. R. CIV. P. 4([m])) ("relation back is allowed as long as the added party had notice within 120 days following the filing of the complaint, or longer if good cause is shown").  This argument is mistaken.  First, in *Skoczylas*, the plaintiff *actually identified* the proper defendant and served him with the amended complaint within 4(m)'s required 120 days.  The only question was whether the amendment related back to the date of the complaint:  we held that it did.  *Skoczylas*, 961 F.2d at 544-45.  In our case, Waters *had not identified—much less served*—Jane Doe.  Further, even if Waters *could* identify and serve Jane Doe with an amended complaint, it would not be enough to overcome the limitations period:  the claim against Jane Doe is time-barred by our Circuit's view of Federal Rule of Civil Procedure 15(c).  *See Whitt*, 529 F.3d at 283 ("an amendment to substitute a named party for a John Doe does not relate back under rule 15(c)").  "[R]ule 15(c) requires a 'mistake concerning the identity of the proper party' and [we reason] that use of a John Doe moniker does not constitute a 'mistake.'"  *Id*. (quoting *Jacobsen v. Osborne*, 133 F.3d 315, 320-21 (5th Cir. 1998)).  Because Waters did not properly identify officer Jane Doe and name her as a defendant within the limitations period, the district court properly barred Waters's § 1983 claim against Jane Doe.  *See Jacobsen*, 13 F.3d at 321 (when failure to name the correct officer is due to a lack of knowledge as to her identify, plaintiff is prevented from relating back under Rule 15(c)).

## B.     The district court properly dismissed Waters's § 1983 claim against the city of Hearne

Waters argues that the district court erred in dismissing her claim against the city of Hearne under a failure to train or failure to supervise theory.

Waters believes that a jury could find that the city's "long established history of illegally and unfairly targeting minorities" coupled with her specific allegations in this case "signify the city of Hearne's failure to properly train or supervise its officers."

The district court properly dismissed her § 1983 claim against the city of Hearne. "A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011). "[F]or liability to attach based on an 'inadequate training' claim, a plaintiff must allege with specificity how a particular training program is defective." *Roberts v. City of Shreveport*, 397 F.3d 287, 293 (5th Cir. 2005). In a failure to train or failure to supervise case, the plaintiff must also show that: "(1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference." *Goodman v. Harris Cnty.*, 571 F.3d 388, 395 (5th Cir. 2009) (quoting *Smith v. Brenoettsy*, 158 F.3d 908, 911–12 (5th Cir. 1998)). Waters has neither "alleged with specificity" how the Hearne Police Department's "training program is defective" nor met any of the three *Goodman* prongs. The district court was correct to dismiss Waters's failure to train / supervise claim against the city of Hearne.

We AFFIRM the district court's order granting Defendant's motion for judgment on the pleadings.