88 F.3d 1278
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Melva G. BROWN, Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Appellee.
 No. 95-5020.
 United States Court of Appeals, District of Columbia Circuit.
 May 23, 1996.
 
 Before: WILLIAMS, HENDERSON, and RANDOLPH, Circuit Judges.
 
 JUDGMENT
 
 1
 Having considered the record from the United States District Court for the District of Columbia and the briefs and arguments of counsel, the court is satisfied that appropriate disposition of this case does not require a published opinion. See D.C.CIR.R. 36(b). It is
 
 
 2
 ORDERED and ADJUDGED that the district court's order filed November 15, 1994, be reversed. 29 C.F.R. § 1613.214(a)(4) provides that the 30-day time limit established by 29 C.F.R. § 1613.214(a)(1) shall be extended "when the complainant shows that he/she was not notified of the time limits and was not otherwise aware of them...." In Bayer v. United States Dep't of Treasury, 956 F.2d 330 (D.C.Cir.1992), this court held that a plaintiff's sworn statement that he did not know of the 30-day requirement raised a genuine issue of material fact regarding the applicability of § 1613.214(a)(4) that precluded summary judgment. Like the plaintiff in Bayer, the appellant has averred that she did not know that she had to contact an EEO counselor within 30 days. Therefore, as in Bayer, summary disposition of this case was improper.
 
 
 3
 The government offers only one basis for distinguishing Bayer. It claims that the fact that the appellant considered bringing suit earlier demonstrates that she knew of the 30-day requirement. This court has already rejected that distinction as "unsound." Bayer, 956 F.2d at 333. As this court pointed out, a plaintiff's knowledge that a complaint could be lodged in no way compels the inference that the plaintiff knew that such a step was mandatory, much less that such a step had to be taken with 30 days. Id. Therefore, the appellant is entitled to prove that the agency did not notify her of the 30-day requirement either through a general distribution of information to employees, or by some other means, and that she was not otherwise aware of the 30-day requirement.
 
 
 4
 The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing. See D.C.CIR.R. 41.