Evelyn HILL, et al., Plaintiffs,

v.

**WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY,** Defendant.

**No. CIV.A.01–1170(RBW).**

United States District Court, District of Columbia.

Nov. 6, 2002.

Lisa D. Fentress, Esq., Assistant General Counsel, WMATA, Washington.

Gary Brown, Esq., Brown & Sherman, Washington.

### MEMORANDUM OPINION

WALTON, District Judge.

This matter comes before the Court upon defendant's motion for summary judgment. Specifically, the defendant asserts that due to the plaintiffs' failure to exhaust their administrative remedies as required by Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e–16 (2000), this Court should grant summary judgment in favor of the defendant. Upon consideration of the parties' submissions and for the reasons set forth below, the Court will deny the defendant's motion for summary judgment.

### I. Factual Background

The plaintiffs aptly note that this case has come before the Court "through a circuitous route." Plaintiffs' Opposition to Defendant's Motion for Summary Judgment ("Pls.' Opp'n") at 9. The plaintiffs are both African–American females employed by the defendant as computer shift supervisors in the defendant's Management Information Services. Complaint ("Compl.") at 2. The basis of the plaintiffs' complaint is that the supervisor of the defendant's Operations and Production Control branch allegedly treated those workers assigned to the Operations section, which is where the plaintiffs worked and at the time of

their employment was comprised of all black employees, differently than the employees assigned to the Production Control, which consisted primarily of white employees.[1] *Id.* at 3. In addition, the plaintiffs reference numerous other alleged acts of discrimination, including an improper reprimand, harassment for taking sick leave, poor evaluations, reassignment to "assignments that were much more time consuming than their normal tasks," improper investigations, retaliation, improper suspensions, failure to receive pay increases, and improper termination. *Id.* at 4–8. Each plaintiff filed a Notice of Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") on either July 16, 1997 or July 24, 1997. Defendant's Statement of Material Facts as to Which There is No Genuine Issue of Dispute ("St. of Mat. Facts") ¶¶ 3–4. Both plaintiffs subsequently sent a Request for Right to Sue to the EEOC on July 28, 1997. *Id.* ¶ 5. On August 11, 1997, the EEOC sent the plaintiffs' files to the Department of Justice ("DOJ") and requested that the DOJ issue right to sue letters to the plaintiffs. *Id.* ¶ 6. The plaintiffs were issued notices of right to sue letters on September 8, 1997 and September 26, 1997. *Id.* ¶ 7. During this time period, the plaintiffs were also attempting to gain class certification along with other allegedly aggrieved individuals in another suit that had been filed in this Court, but on March 29, 1999, another member of this Court denied class certifi-

cation and ordered that the plaintiffs would have to file individual cases. *Id.* ¶¶ 9–10. Subsequently, the plaintiffs in this case filed a complaint with this Court on June 18, 1999, alleging racial discrimination and retaliation. *Id.* ¶ 11. However, the plaintiffs later moved to dismiss that case without prejudice following the District of Columbia Circuit's opinion in *Martini v. Federal Nat'l Mortgage Ass'n,* 178 F.3d 1336 (D.C.Cir.1999), realizing that this Circuit's opinion in *Martini* adversely affected the maintainability of their claims because they had not been pending before the EEOC for the required 180 days. Pls.' Opp'n at 10–11. Plaintiffs' complaint was dismissed without prejudice by another member of this Court on July 28, 2000, with the understanding that "Plaintiff[s] may file a new complaint after the Commission has attempted to resolve Plaintiff[s'] charge[s] for an additional 134 days." St. of Mat. Facts ¶ 13. As discussed below, the defendant takes exception with the plaintiffs' position that they informed the EEOC of the status of their case (voluntary dismissal without prejudice) and requested that the EEOC process their charges for an additional 134 days. Pl.'s Opp'n at 11. After waiting for the additional 134 days, the plaintiffs subsequently re-filed their complaint in this case on May 29, 2001.

## II. *Standard of Review Summary Judgment*

Summary Judgment is generally appropriate when "the pleadings, depositions,

---

1. Specifically, the plaintiffs assert that:

   [t]hese practices included, but are not limited to, allowing the employees in the Production Control section to eat lunch and other food at their desks, whereas black employees from the Operations section must go to the lunch room even to eat a candy bar. The employees from the white section are allowed to have drinks at their desks whereas black employees are not allowed to drink a soda or even a glass of water at their desks. The white employees are allowed to play music while they work whereas the black employees are not. The white employees' work is scheduled during normal business hours and they are not scheduled to work nights or weekends. The Operations section operates twenty-four hours a day which means that black employees must work the overnight and weekend shifts.
   Compl. at 3–4.

answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In assessing a Summary Judgment motion, the Supreme Court has explained that a trial court must look to the substantive law of the claims at issue to determine whether a fact is "material", *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), and must treat a "genuine issue" as "one whose resolution could establish an element of a claim or defense and, therefore, affect the outcome of the action", *Sanders v. Veneman*, 211 F.Supp.2d 10, 14 (D.D.C.2002) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505).

While it is generally understood that when considering a motion for summary judgment a court must "draw all justifiable inferences in the nonmoving party's favor and accept the nonmoving party's evidence as true," *Greene v. Amritsar Auto Servs. Co.*, 206 F.Supp.2d 4, 7 (D.D.C.2002) (citing *Anderson*, 477 U.S. at 255, 106 S.Ct. 2505), the non-moving party must establish more than "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position", *Anderson*, 477 U.S. at 252, 106 S.Ct. 2505. To prevail on a summary judgment motion, the moving party must demonstrate that the non-moving party "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322, 106 S.Ct. 2548. The District of Columbia Circuit has stated that the non-moving party may not rely solely on mere conclusory allegations. *Greene v. Dalton*, 164 F.3d 671, 675 (D.C.Cir.1999); *Harding v. Gray*, 9 F.3d 150, 154 (D.C.Cir.1993). Thus, "[i]f the evidence is merely colorable, (citation

omitted), or is not significantly probative, (citation omitted), summary judgment may be granted." *Anderson*, 477 U.S. at 249–50, 106 S.Ct. 2505.

## III. *Legal Analysis*

The defendant seeks summary judgment on the grounds that the plaintiffs have not exhausted their administrative remedies under Title VII. However, for the reasons set forth below, the Court finds that summary judgment is not proper because not only is there a genuine issue as to a material fact regarding whether the plaintiffs exhausted their administrative remedies, but also because the defendant has not satisfied its affirmative burden of proving such a failure to exhaust.

### (A) *The Appropriateness of Summary Judgment*

■ It is undisputed that plaintiffs filed their original complaint prematurely in light of the District of Columbia Circuit's opinion in *Martini*. Upon realizing this error, plaintiffs' moved the Court to dismiss their complaint without prejudice. Another member of this Court dismissed the original complaint on July 28, 2000, without prejudice, stating that

Plaintiffs' Charges of Discrimination were filed with the Equal Employment Opportunity Commission on July 24, 1997. The initial Notice of Right to Sue was issued on September 8, 1997, 46 days later. Thus 134 days of the 180 day period required by 42 U.S.C.2000e–5(f)(1) remain to be exhausted. Plaintiff may file a new complaint after the Commission has attempted to resolve Plaintiff's charge for an additional 134 days.

Motion for Summary Judgment ("Def.'s Mot."), Exhibit ("Ex.") 14 (Order dismissing C.A. No. 99–1629). Although 134 days elapsed between the date when the Order of dismissal was issued and when the plaintiffs re-filed their complaint with this

Court on May 29, 2001, defendant argues that "plaintiffs have still failed to secure right to sue letters from the EEOC and/or the Department of Justice [after the expiration of the 180 day period]." *Id.* at 10. The defendant correctly notes that the rationale behind the 180 day waiting requirement is to give the EEOC enough time to "informally resolve as many charges as possible." *Id.* (citing *Martini,* 178 F.3d at 1338). And, the defendant asserts that no "meaningful" investigation occurred with regards to the plaintiffs' discrimination charges because it appears from the original right to sue letters that the EEOC did not conduct an investigation,[2] but dismissed it after 51 days for administrative convenience. "Such treatment[, the defendant opines,] fails to comply with this Court's [Judge Royce Lamberth's] reading in *Martini* of 42 U.S.C. § 2000e–5(b) that the EEOC investigate every charge filed with this office." *Id.* at 11. The defendant further alleges that the plaintiffs failed to correspond with either the EEOC or the DOJ in an attempt to resolve this matter. *Id.*

In response, the plaintiffs have submitted an August 15, 2000 letter that their attorney sent to the EEOC requesting that the EEOC process their charges "for at least another 134 days." Pls.' Opp'n, Ex. 4. Thus, plaintiffs assert that while the defendant "contends that [they] did not give EEOC proper time to carry out its investigation ... the letter from Plaintiffs' counsel to [the EEOC] points to a different conclusion, that is, EEOC did receive the proper notice required." Pls. Opp'n at 14–15. In its Reply, the defendant states that "[t]he mere fact that 180 days has expired is not sufficient." Defendant Washington Metropolitan Area Transit Authority's Reply to Plaintiff's Opposition to WMATA's Motion for Summary Judgment ("Def.'s Reply") at 2. The defendant alleges that the letter submitted by the plaintiffs, "[a]ssuming arguendo ... [that it] was in fact forwarded to and received by the EEOC ... [,] does nothing to show that this case was reopened by the EEOC or that an attempt to further investigate for the additional 134 days was made by the EEOC." *Id.* at 3. Furthermore, the defendant states that it discovered that the plaintiffs' files were transferred to the EEOC warehouse on May 21, 2001, and subsequently destroyed, and "[t]he fact that both files have been destroyed by the EEOC is clearly indicative of inactivity by the EEOC with regard to these charges." *Id.* Moreover, the defendant claims that because an EEOC attorney stated that she could not comment on the plaintiffs' August 15, 2000 letter, since the EEOC employee who it was addressed to no longer works for the EEOC, "is indicative that there is no record of receipt of such letter with the office." *Id.* This, the defendant contends, demonstrates that "[t]here is nothing to indicate that the correspondence from [the plaintiffs] to ... the EEOC was in fact received and resulted in an investigation for an additional 134 days as required by Judge Lamberth's Order and *Martini.*" *Id.* In addition, defendant claims that there is no subsequent right to sue letter issued by the EEOC that would "indicate the files were in fact reopened and that there was an attempt at investi-

---

2. The right to sue letters states:

Because you filed the above charge with the Equal Employment Opportunity Commission, and the Commission has determined that it will not be able to investigate and conciliate that charge within 180 days of the date the Commission assumed jurisdiction over the charge and the Department has determined that it will not file any lawsuit(s) based thereon within that time, and because you, through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII ... Def.'s Mot. at 11, Ex. 9–10.

gation for an additional 134 days." *Id.* at 3–4. And, therefore, the defendant states that

> [t]he mere fact that [the plaintiffs] allege[ ] [they] forwarded this correspondence to ... the EEOC is not sufficient [and i]n order to survive [the defendant's] Motion for Summary Judg[ ]ment the Plaintiffs' must show that the EEOC reopened the files and that there was an attempt to investi[gate] and/or concil[ ]iate these charges for an additional 134 days as required by *Martini* and Judge Lamberth's Order dated July 28, 2000.

Def.'s Reply at 4.

Because this Court must "draw all justifiable inferences in the nonmoving party's favor and accept the nonmoving party's evidence as true," *Amritsar Auto Servs.*, 206 F.Supp.2d at 7 (citing *Anderson*, 477 U.S. at 255, 106 S.Ct. 2505), it must accept as true that the plaintiffs forwarded a request to the EEOC for the processing of their charges subsequent to the dismissal of their earlier complaint. And since exhaustion of administrative remedies, including the processing of charges by the EEOC, is required prior to filing a civil suit in federal court, the Court finds that whether continued processing of the plaintiffs' charges was requested is a "material fact". Such treatment is consistent with another member of this Court's analysis in *Rochon v. Attorney General of the United States*, 734 F.Supp. 543 (D.D.C.1990). In *Rochon*, the Court treated disputed factual claims regarding the timeliness of the plaintiff's mandatory notification to the defendant's Equal Employment Opportunity ("EEO") counselor about alleged discriminatory conduct as a material fact. *Id.* at 547–49. In *Rochon*, the defendant had sought summary judgment because the plaintiff allegedly failed to timely notify an EEO counselor of purported Title VII violations. However, the Court found that because it was not provided all of the plaintiff's EEO records, there was "a genuine issue of material fact as to whether plaintiff was timely in contacting an EEO counselor about all of the Title VII violations alleged in his judicial complaint." *Id.* at 549. Similarly, in this case, there is an issue as to whether the plaintiffs exhausted their administrative remedies prior to filing this action. While the defendant claims that the plaintiffs failed to notify and request that the EEOC continue to investigate and process their charges for an additional 134 days, the plaintiffs, in response, have submitted a letter that indicates that they forwarded such a request for additional processing of their charges. Clearly, under these circumstances, the granting of summary judgment on the ground that the plaintiffs have not exhausted their administrative remedies would be improper because there is a material fact in dispute on this question.

## (B) *Has Defendant Adequately Demonstrated an Affirmative Defense?*

The District of Columbia Circuit has stated that the EEOC has been given "broad authority to enforce [Title VII's] antidiscrimination mandate within the federal government, including responsibility for issuing regulations to control federal agencies' processing of discrimination complaints." *Bowden v. United States*, 106 F.3d 433, 437 (D.C.Cir.1997) (citing 42 U.S.C. § 2000e–16(b)). It is axiomatic that "[c]omplainants must timely exhaust these administrative remedies before bringing their claims to court." *Id.* (citing *Brown v. GSA*, 425 U.S. 820, 832–33, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976); *Bayer v. United States Dept. of the Treasury*, 956 F.2d 330, 332 (D.C.Cir.1992)). Individuals "who fail[ ] to comply, to the letter, with administrative deadlines 'ordinarily will be denied a judicial audience.'" *Brown v. Marsh*, 777 F.2d 8, 14 (D.C.Cir.1985) (quoting *Shehadeh v. Chesapeake & Potomac Telephone Co.*, 595 F.2d 711, 727

(D.C.Cir.1978)). Administrative time limits contained in Title VII are not "jurisdictional bars to bringing suit ... but function[ ] like statutes of limitations, [and] these time limits are [therefore] subject to equitable tolling, estoppel, and waiver." *Marsh*, 777 F.2d at 14 (citations omitted). In this Circuit it is clear that "[b]ecause untimely exhaustion of administrative remedies is an affirmative defense, the defendant bears the burden of pleading and proving it. If the defendant meets its burden, the plaintiff then bears the burden of pleading and proving facts supporting equitable avoidance of the defense." *Bowden*, 106 F.3d at 437 (citations omitted).

█ In this case, the defendant attempts to assert the affirmative defense of exhaustion of administrative remedies, claiming that the plaintiffs "must show that the EEOC reopened the files and that there was an attempt to investi[gate] and/or concil[ ]iate these charges for an additional 134 days as required by *Martini* and Judge Lamberth's Order dated July 28, 2000." Def.'s Reply at 4. This Court finds that a discussion of the District of Columbia Circuit's opinion in *Martini* is a necessary predicate prior to examining whether the defendant has satisfied its burden of proving that the plaintiffs have not exhausted their administrative remedies.

### (1) *The District of Columbia Circuit's Opinion in Martini*

In *Martini*, the defendant's appeal arose from the district court's denial of its pre- and post-trial motions "challeng[ing] the timeliness of [the plaintiff's] suit under section 2000e–5(f)(1) of Title VII." *Martini*, 178 F.3d at 1339. Specifically, the defendant in *Martini* attacked the EEOC regulation that permitted the Commission to authorize a private cause of action

> at any time prior to the expiration of 180 days from the date of filing the charge with the Commission; provided, that [an appropriate Commission official] has determined that it is probable that the Commission will be unable to complete its administrative processing of the charge within 180 days from the filing of the charge.

*Id.* (quoting 29 C.F.R. § 1601.28(a)(2) (1998)). The defendant in *Martini* asserted that the language of Title VII "sets forth the exclusive conditions under which a[ ] complainant may sue: Either the Commission must dismiss the charge, or 180 days must elapse without informal resolution of the charge or an EEOC lawsuit." [3] *Id.* at 1340–41. After examining the statutory language and the legislative history of Title VII, the District of Columbia Circuit agreed and

> conclude[d] that the EEOC's power to authorize private suits within 180 days undermines its express statutory duty to investigate every charge filed, as well as Congress's unambiguous policy of encouraging informal resolution of charges up to the 180th day ... [and held] that Title VII complainants must wait 180 days after filing charges with the EEOC before they may sue in federal court.

*Id.* at 1347. Therefore, because the EEOC had stopped processing the plaintiff's charge after 21 days, the *Martini* Court remanded the case and directed the

---

**3.** 42 U.S.C. § 2000e–5(f)(1) states that

If a charge filed with the Commission ... is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge ... the Commission has not filed a civil action ... or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission ... shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge ...

district court to dismiss the case without prejudice so as to afford the plaintiff the opportunity to re-file a complaint with the court only after the EEOC was given 159 additional days to attempt to resolve the plaintiff's claims. *Id.* at 1348.

### (2) *Plaintiffs' Case and Martini*

During the course of the plaintiffs' earlier case, and following this Circuit's opinion in *Martini,* the plaintiffs sought and were granted a dismissal of their original complaint without prejudice. Because the "Notice[s] of Right to Sue" were issued by the EEOC 46 days after the filing of the plaintiffs' charges, the Court stated that "134 days of the 180 day period required by 42 U.S.C.2000e–5(f)(1) remain to be exhausted ... [and] [p]laintiff[s] may file a new complaint after the Commission has attempted to resolve Plaintiff[s'] charge for an additional 134 days." Def.'s Mot., Ex. 14. Although the defendant insinuates that the plaintiffs never actually contacted the EEOC to afford the Commission an additional 134 days to attempt to resolve the plaintiffs' charges, as discussed above, the plaintiffs have submitted a letter dated August 15, 2000, addressed to the EEOC, that requested additional processing of their charges for another 134 days. Pls.' Opp'n, Ex. 4.

The defendant seemingly asserts that the plaintiffs not only had to give the EEOC the opportunity to investigate their charges for an additional 134 days, but under *Martini* must also show that the EEOC in fact attempted to investigate these charges during that period. Def.'s Reply at 4. However, the defendant has failed to point to any legal authority as support for its position that the plaintiffs were required to do anything more than what was done in this case. The District of Columbia Circuit's opinion in *Martini*

requires that the EEOC must have discrimination charges before it for 180 days prior to a plaintiff filing a civil action in this Court. While the *Martini* Court recognized that 42 U.S.C. § 2000e–5(b) states that the EEOC "shall" investigate the charges, and that this duty is "mandatory and unqualified", it is clear that the Court did not impose an affirmative burden upon a plaintiff who has filed a civil suit after the expiration of the 180 day period to show that the EEOC actually carried out its legislative mandate. This is evident in the *Martini* Court's distinction between how it viewed authorizations issued by the EEOC for complainants to initiate private civil actions when their claims have not yet been fully investigated prior to the expiration of the 180 day period, as compared to like circumstances when they occur after 180 days have elapsed. Commenting on the two situations, the *Martini* Court stated that "issuance of a ... right-to-sue letter" to a complainant by the EEOC, which will have the practical effect of terminating the administrative proceedings by the agency, "comports with congressional intent" when it occurs "after 180 days", but "conflicts with [Title VII's] unambiguous command" for the EEOC to investigate discrimination claims that are submitted to it when authorization to sue is granted "prior to [the expiration of] 180 days." 178 F.3d at 1345. The Court noted that "Congress well understood that the EEOC's limited resources preclude it from investigating every charge within 180 days, (citation omitted), but nevertheless 'hoped that recourse to the private lawsuit will be the exception and not the rule.'" *Id.* at 1346 (citation omitted). Thus, it is clear that Congress anticipated that private lawsuits would be appropriately initiated in Title VII cases when the EEOC has failed to investigate discrimination claims,[4] and

---

**4.** This Court finds it interesting to note that the Fourth Circuit has commented that the EEOC's failure to issue a notice of right to sue

"cannot defeat the complainant's statutory right to sue in the district court, for '[a] Title

all the *Martini* Court ruled was that this could not occur before a claim had been pending before the EEOC for at least 180 days. *Id.* ("We thus hold that Title VII complainants must wait 180 days after filing charges with the EEOC before they may sue in federal court.").

This is exactly what the plaintiffs did in this case. After initially receiving notices of the right to sue and filing a complaint in this Court, the District of Columbia Circuit's opinion in *Martini* was issued and plaintiffs sought and were granted a voluntary dismissal of their complaint without prejudice in order to give the EEOC the full 180 days to investigate their charges of discrimination. Once the plaintiffs sent notice to the EEOC of their circumstances and requested that their charges be processed, and then waited for the expiration of the entire 180 day period, they did all that is required by Title VII as interpreted by *Martini.* Accordingly, this Court finds that the defendant has not satisfied its burden of proving that the plaintiffs have failed to exhaust their administrative remedies.

## IV. *Conclusion*

For the aforementioned reasons, this Court must deny the defendant's motion for summary judgment because not only is there a genuine issue of material fact regarding whether the plaintiffs exhausted their administrative remedies, but also because the defendant has not satisfied its

affirmative burden of proving such a failure to exhaust. The District of Columbia Circuit has observed that "the application of Title VII's procedural requirements be 'animated by the broad humanitarian and remedial purposes underlying the federal proscription of employment discrimination.'" *Williams v. WMATA,* 721 F.2d 1412, 1418 (D.C.Cir.1983) (quoting *Coles v. Penny,* 531 F.2d 609, 616 (D.C.Cir.1976)). This Court finds that its ruling is in keeping with these purposes that underlie Title VII.[5]

## *ORDER*

Upon consideration of the defendant's Motion for Summary Judgment, and for the reasons set forth in the Memorandum Opinion accompanying this Order, it is hereby,

**ORDERED** that the defendant's Motion for Summary Judgment is **DENIED.**

VII complainant is not charged with the commission's failure to perform its statutory duties." *Perdue v. Roy Stone Transfer Corp.,* 690 F.2d 1091, 1093 (4th Cir.1982) (quoting *Russell v. American Tobacco Co.,* 528 F.2d 357, 365 (4th Cir.1975), *cert. denied,* 425 U.S. 935, 96 S.Ct. 1666, 1667, 48 L.Ed.2d 176 (1976)). The Fourth Circuit recognized that "Congress gave the federal courts 'plenary powers', citing *Alexander v. Gardner–Denver Co.,* 415 U.S. 36, 45, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974), and 'final responsibility' for enforcement of Title VII, *id.* at 56, 94 S.Ct. 1011." *Perdue,* 690 F.2d at 1093 n. 5. This

Court must agree with the Fourth Circuit's observation that it is "implausible" that the EEOC could prevent a Title VII complainant from seeking judicial relief "by refusing to issue a 'right to sue' notice in such a case." *Id.* Similarly, a complainant cannot be denied the right to file a private lawsuit merely because the EEOC failed to fulfill its statutory mandate to investigate a charge brought before it.

5. An Order consistent with the Court's ruling accompanies this Memorandum Opinion.