NORTHWEST COALITION FOR ALTERNATIVES TO PESTICIDES, Plaintiff,

v.

ENVIRONMENTAL PROTECTION AGENCY, Defendant.

No. CIV.A. 99–0437 EGS.

United States District Court, District of Columbia.

March 27, 2003.

letter responsive to NCAP's April 18, 1997 request, violates FOIA and the Administrative Procedure Act ("APA"), 5 U.S.C. § 706.

Pending before the Court are the parties' cross motions for summary judgment. Defendant argues that NCAP's claim that it did not produce documents responsive to the April 18, 1997 request is moot. In the alternative, defendant maintains that it has fully complied with FOIA in responding to NCAP's April 18, 1997 request. With respect to NCAP's APA challenge to the agency's regulation, 40 C.F.R. § 2.208(c), defendant contends that the regulation does not conflict with FOIA and is justified by a need to "insure the efficient and effective operation of a government program." Def.'s Mot. at 2. Plaintiff contends that EPA has never fully responded to its April 18, 1997 request, that any dispute regarding the agency's response to that FOIA request is not moot, and that the EPA violated the APA by failing to respond to NCAP's administrative appeal within the time required by FOIA. Plaintiff maintains that 40 C.F.R. § 2.208(c) violates FOIA by creating a blanket exception for information otherwise subject to disclosure under FOIA. For the foregoing reasons, the Court enters summary judgment for plaintiff and against defendant.

## I. Background

### A. Statutory and Regulatory Framework

FOIA requires federal agencies to disclose records to any person upon request, unless those records fall within certain statutory exemptions. 5 U.S.C. § 552(a)(3). If a document contains exempt information, the agency is obligated to release "any reasonably segregable portion" after deletion of the nondisclosable portions. *Id.* § 552(b).

Lynne Bernabei, Debra Susan Katz, Ari M. Wilkenfeld, Bernabei & Katz, Washington, DC, Michael Axline, Heather Brinton, Eugene, OR, for Plaintiff.

Mark E. Nagle, Brian J. Sonfield, Kenneth Leonard Wainstein, U.S. Attorney's Office, Washington, DC, for Defendant.

## MEMORANDUM OPINION

SULLIVAN, District Judge.

Plaintiff Northwest Coalition for Alternatives to Pesticides ("NCAP") sues the Environmental Protection Agency ("EPA") pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Plaintiff seeks production of documents responsive to an April 18, 1997 request for copies of substantiation comments submitted by five companies. Plaintiff claims that EPA's failure to fully respond to its FOIA request, and its delay in responding, is a violation of FOIA. Plaintiff also contends that the EPA regulation, pursuant to which the agency withheld a substantiation

Exemption 4 permits federal agencies to withhold from disclosure "trade secrets and commercial or financial information obtained from a person and privileged or confidential." 5 U.S.C. § 552(b)(4). The exemption protects "two categories of information in agency records: (1) trade secrets; and (2) confidential commercial information." *Northwest Coalition for Alternatives to Pesticides v. Browner,* 941 F.Supp. 197, 201 (D.D.C.1996).

In 1985, the EPA enacted regulations concerning the treatment of comments submitted by business. The regulation at issue in the instant litigation, 40 C.F.R. § 2.205(c), provides:

*Confidential treatment of comments from business.* If information submitted to EPA by a business as part of its comments under this section pertains to the business's claim, is not otherwise processed by EPA, and is marked when received in accordance with

§ 2.203(b), it will be regarded by EPA as entitled to confidential treatment and will not be disclosed by EPA without the business's consent, unless its disclosure is duly ordered by a Federal court, notwithstanding others provisions of the subpart to the contrary.

### B. Procedural History

NCAP is a nonprofit educational and research organization with approximately 2000 members. NCAP disseminates information about the risks associated with pesticide use and suggesting alternatives to pesticides. The organization's staff regularly participates in the administrative process and requests withheld records.

On November 8, 1996, NCAP submitted a FOIA request to the EPA seeking confidential statements of formula ("CSF's") for six herbicides manufactured by Uniroyal Chemical Company ("Uniroyal"). *See* Pl.'s Mot., Ex. A. On February 13, 1997, the EPA provided a partial response to NCAP's request. Prior to responding to NCAP's request, the EPA notified Uniroyal of NCAP's request pursuant to 40 C.F.R. § 2.204(d)(1)(i). The purpose of this notification was to provide Uniroyal with an opportunity to claim that the requested information was confidential.

The EPA's response to NCAP's request included a list of only those pesticide ingredients not claimed to be confidential by Uniroyal. The EPA did not disclose any of the requested CSFs. In denying plaintiff's request, the EPA relied upon a "substantiation" letter that Uniroyal had submitted, in which the company claimed that the requested CSFs contained confidential information. *See* Pl.'s Mot., Ex. B.

On April 18, 1997, NCAP submitted a second FOIA request to the EPA. *See* Pl.'s Mot., Ex. C. This request sought copies of all correspondence with Uniroyal regarding the requirement that Uniroyal substantiate its claims of confidentiality under 40 C.F.R. § 2.208. Specifically, the request asked for "the substantiation comments submitted by five companies in response to [the EPA's] request for confidential statements of formula." On May 2, 1997, Linda Travers, Director of Information Resources and Services Division of the Office of Pesticide Programs, responded to the NCAP FOIA request. This letter was received by NCAP on May 14, 1997. *See* Pl.'s Mot., Ex. D. Ms. Travers' letter indicated that the EPA refused to release the CSF's in their entirety. The EPA claimed that Uniroyal's "substantiation letter" satisfied the criteria set forth in 40 C.F.R. § 2.208, and was therefore "exempt from disclosure" under FOIA's Exemption 4.

Ms. Travers' letter stated that the EPA had determined that Uniroyal's correspondence was confidential because it was submitted in response to an EPA inquiry

about a FOIA request, the correspondence was claimed to be confidential in its entirety, was marked confidential and was not previously possessed by EPA. The letter also provided that, if NCAP wished to appeal the agency's decision, it must file an appeal with the EPA's FOIA officer within thirty days.

On May 4, 1992, Douglas D. Campt, Director of the Office of Pesticide Program at the EPA, responded to NCAP's April 18, 1997 FOIA request. Mr. Campt provided several "substantiation comments" that were not claimed to be confidential under 40 C.F.R. § 2.205(c). *See* Pl.s' Mot., Ex. G.

On June 9, 1997, an attorney for NCAP filed an appeal with the EPA's FOIA officer. *See* Pl.'s Mot., Ex. E. On September 30, 1998, an attorney for NCAP sent the FOIA officer a letter of intent to sue. The letter stated that over a year had passed in which the EPA had failed to respond to NCAP's administrative appeal. The letter indicated that NCAP would file a civil action in this Court if the EPA did not respond to NCAP's appeal within two weeks. On February 23, 1999, NCAP filed a complaint in this Court. The complaint alleges that the EPA violated FOIA and the APA by refusing to disclose non-exempt records and by failing to respond to an appeal within 20 days. Compl. ¶¶ 1–2. The complaint also alleges that 40 C.F.R. § 2.205(c) improperly exempts a class of records from FOIA that are not legally entitled to exemption under FOIA. *Id.* ¶ 3.

On June 23, 1999, Richard D. Weiss, counsel for Uniroyal, sent a copy of a February 7, 1997 letter to Carrie Stilwell, attorney for NCAP. *See* Pl.'s Mot., Ex. H. The letter, from a Uniroyal attorney to an EPA employee, was written in connection with NCAP's first FOIA request. The copy provided to Ms. Stillwell had been redacted. Mr. Weiss explained that the

redactions were made in order "to preserve the confidentiality of those components that compromise Uniroyal's confidential business information." *Id.*

Also on June 23, 1999, the parties moved for a stay of proceedings in order to permit the EPA to submit for publication in the Federal Register a notice of a proposed rulemaking that would withdraw 40 C.F.R. § 2.205(c). *See* Joint Mot. to Stay Proceedings, filed June 23, 1999. The joint motion provided that the EPA would apply its best efforts to ensure that the revised regulation was submitted for publication in the Federal Register within 90 days of the close of the comment period. *Id.* at 1–2.

The comment period for the EPA's proposed regulation ended on October 20, 2000. NCAP moved to dissolve the stay of proceedings on March 12, 2002. This Court lifted the stay of proceedings on May 10, 2002. To date, the revised regulation has not been published in the Federal Register.

## II. Analysis

### A. Standard of Review

The legality of 40 C.F.R. § 2.205(c), and the EPA's reliance on the regulation in its decision to withhold the information requested by NCAP, are subject to *de novo* review. *See* 5 U.S.C. § 552(a)(4)(B); *Hayden v. Nat'l Security Agency/Central Security Serv.,* 608 F.2d 1381, 1384 (D.C.Cir.1979).

Summary judgment should be granted pursuant to Fed.R.Civ.P. 56 only if no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In ruling upon a motion for summary judgment, the Court must view the evidence in the light most

favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Bayer v. United States Dep't of Treasury*, 956 F.2d 330, 333 (D.C.Cir.1992).

 In a suit brought to compel production pursuant to FOIA, where there are cross-motions for summary judgment, an agency is entitled to summary judgment "if no material facts are in dispute and if it demonstrates 'that each document that falls within the class requested either has been produced ... or is wholly exempt from the Act's inspection requirements.' " *Students Against Genocide v. Dep't of State*, 257 F.3d 828, 833 (D.C.Cir.2001) (quoting *Goland v. CIA*, 607 F.2d 339, 352 (D.C.Cir.1978)); *see Billington v. United States Dep't of Justice*, 233 F.3d 581, 583–84 (D.C.Cir.2000). On the other hand, summary judgment is appropriate for a FOIA plaintiff when the requested material, "even on the agency's version of the facts, falls outside the proffered exemption." *Petroleum Inf. Corp. v. United States Dep't of Interior*, 976 F.2d 1429, 1433 (D.C.Cir.1992). The EPA bears the burden of showing that the withheld information qualifies for an exemption from disclosure, and that the information is in fact trade secret or confidential commercial information. *See Nat'l Parks v. Kleppe*, 547 F.2d 673, 679 n. 20 (D.C.Cir. 1976) ("The party seeking to avoid disclosure bears the burden of proving that the circumstances justify nondisclosure."). The cross-motions for summary judgment pending before the Court present no genuinely disputed material facts that would preclude summary judgment.

### B. Plaintiff's April 18, 1997 FOIA Request

On April 18, 1997, plaintiff filed a FOIA request with the EPA that sought copies of "the substantiation comments submitted by five companies in response to [the EPA's] request for confidential statements of formula." On May 2, 1997, Linda Travers, Director of Information Resources and Services Division of the Office of Pesticide Programs, informed NCAP that the EPA refused to release the Uniroyal substantiation letter in its entirety because the letter satisfied the criteria set forth in 40 C.F.R. § 2.208, and was, therefore, "exempt from disclosure" under FOIA's Exemption 4.

Defendant makes two interrelated arguments. First, defendant argues that plaintiff's April 18, 1997 FOIA request was rendered moot by Uniroyal's provision of its substantiation letter to NCAP on June 23, 1999. Second, the agency contends that it has fully complied with FOIA. For the foregoing reasons, the Court finds that, while defendant has clearly attempted to moot the instant controversy, it is not quite moot, and the agency has not fully complied with the requirements of FOIA.

The agency's memorandum in support of its motion for summary judgment states:

> Here, EPA has complied with [the requirement that it provide segregable information]. NCAP has been provided a copy of all non-exempt information in the Uniroyal substantiation letter. Only information exempt from disclosure ... was redacted.... Therefore, the Agency has withheld from NCAP only the specific portions of information responsive to its FOIA request [of April ...] that were properly determined by the Agency to be entitled from disclosure pursuant to Exemption 4 of the FOIA.... As such, the EPA has provided all reasonably segregable information, has satisfied its burden under Exemption 4, and

should be awarded summary judgment with respect to Plaintiff's FOIA claim. Def.'s Mot. at 10–11.

These representations are misleading at best. As defendant's own declaration avers, Uniroyal, and not the EPA, provided NCAP with a redacted version of its substantiation letter. *See* Friedrich Decl. ¶ 11. Nothing in defendant's declaration attached to defendant's motion for summary judgment suggests that the EPA made an independent determination of whether information contained in the substantiation letter was entitled to an exemption under Exemption 4. Furthermore, nothing in the Friedrich declarations supports the agency's statement that it "provided all reasonably segregable information" that was responsive to NCAP's April 18, 1997 FOIA request.

Almost a year and a half after plaintiff's April 1997 request, and in response to NCAP's first FOIA request, Mr. Friedrich made a determination that Exemption 4 of the FOIA applies to the common chemical names and CAS numbers of the six herbicides' inert ingredients. Friedrich Decl. ¶ 13. This determination was based on the finding of a direct relationship between the requested information and the productive process of the herbicide products. On December 5, 2001, Mr. Friedrich informed NCAP that the EPA had determined the common chemical names and CAS numbers of the inert ingredients claimed by Uniroyal as confident to be confidential commercial information. *Id.* 14. Apparently, the EPA never produced documents responsive to plaintiff's April 18, 1997 FOIA request.

■ Plaintiff argues that Uniroyal's voluntary provision of the substantiation letter, with its own redactions, does not relieve the EPA of an obligation to respond to plaintiff's request. The Court agrees. However, plaintiff's opposition memoran-

dum highlighted the fact that Uniroyal had redacted more than "common chemical names and CAS numbers" for inert ingredients from the substantiation letter. *See* Pl.'s Opp'n at 8 (describing redactions of financial information). In response to this observation, on August 21, 2002, Mr. Friedrich made a supplemental determination that the financial information that was withheld by Uniroyal from the substantiation letter was subject to withholding under Exemption 4.

Neither Mr. Friedrich's first declaration, nor his August 21, 2002 supplemental declaration, states that his November 29, 2001 letter was intended to respond to both FOIA requests. In Mr. Friedrich's August 21, 2002 determination letter, he states, for the first time, that his November 29, 2001 letter contained a determination that was "responsive to both of NCAP's FOIA requests." However, nowhere does Mr. Friedrich state that he has made a determination that the only redactions made by Uniroyal of its substantiation letter were the CAS numbers and inert ingredient identities and the financial information covered by his August 21, 2002 determination letter.

### 1. Mootness

■ The Court finds no evidence that the EPA has fully reviewed the redactions made by Uniroyal of its substantiation letter. As such, a live controversy exists between the parties, and the Court cannot determine that the EPA has complied with FOIA. It may well be the case that the redactions made by Uniroyal cover only that information which is the subject of Mr. Friedrich's two determination letters. However, neither the determination letters, nor Mr. Friedrich's declarations, state that this is the case. Accordingly, the Court has no record evidence that the EPA has reviewed Uniroyal's redactions

and made an independent determination that only information properly subject to Exemption 4 has been withheld from plaintiff.

### 2. FOIA Compliance

 FOIA requires federal agencies to comply with requests to make records available to the public, unless the requested records fall within one or more of nine categories of exempt material. *Id.* § 552(a),(b). In its motion for summary judgment, the EPA claims that the material redacted by Uniroyal from its substantiation letter is properly withheld as confidential commercial information under Exemption 4 of FOIA.[1]

However, as previously explained, the Court finds no evidence that the EPA has made an independent assessment regarding the scope of Uniroyal's redactions. Accordingly, the Court cannot find that the EPA has complied with its obligations under FOIA. The Court will not proceed to consider whether the redactions of financial figures and of common chemical names and CAS numbers for inert ingredients were proper under Exemption 4. To do so in the absence of a declaration from the EPA that it has reviewed the Uniroyal substantiation letter and determined that the information redacted by Uniroyal is properly withheld would be premature. Until such a determination is made by the EPA, the Court cannot find that the agency has complied with its obligation to disclose "any reasonably segregable portion" of a document response to a FOIA request after deletion of the nondisclosable por-

tions. 5 U.S.C. § 552(b). Indeed, nothing in the August 21, 2002 determination letter indicates that the EPA made a determination of which severable portions of the substantiation letter were responsive to plaintiff's April 18, 1997 request and subject to disclosure.

### C. 40 C.F.R. § 2.205(c)

 Plaintiff challenges the EPA's regulation, 40 C.F.R. § 2.205(c), as "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," in violation of the APA. 52 U.S.C § 706(2)(a). 40 C.F.R. § 2.205(c) provides:

> *Confidential treatment of comments from business.* If information submitted to EPA by a business as part of its comments under this section pertains to the business's claim, is not otherwise possessed by EPA, and is marked when received in accordance with section 2.203(b), it will be regarded by EPA as entitled to confidential treatment and will not be disclosed by EPA without the business's consent, unless its disclosure is duly ordered by a Federal court, notwithstanding other provisions of the subpart to the contrary.

40 C.F.R. § 2.205(c).[2]

While Ms. Travers' letter stated that the substantiation letter was withheld because it met the criteria set forth in 40 C.F.R. § 2.205(c), the subsequent agency "determinations"—albeit incomplete—have relied exclusively on Exemption 4, and not on the regulation. In *Webb v. Department of*

---

**1.** "Commercial information, is 'confidential' for purposes of FOIA exemption 4 if disclosure is likely to cause substantial harm to the competitive position of the person from which *the information was obtained.*" *NCAP v. Browner,* 941 F.Supp. at 202. The burden lies upon the party seeking to avoid disclosure to demonstrate the presence of "actual competi-

tion," and "a likelihood of substantial competitive injury." *Id.*

**2.** 40 C.F.R. § 2.203(b) describes the method by which a business submitting information to EPA may mark its information in order to assert a business confidentiality claim covering the information.

*Health and Human Services,* the D.C. Circuit found that a controversy was not ripe for judicial review where, due to a company's release of information responsive to a FOIA request, the request had been rendered moot. 696 F.2d 101, 106 (D.C.Cir. 1982). The court evaluated the " 'fitness of the issues for judicial decision' " and the " 'hardship to the parties of withholding court consideration.' " *Id.* (quoting *Abbott Labs. v. Gardner,* 387 U.S. 136, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967)).

Here, the evidence before the Court does not support a finding that the EPA relied on 40 C.F.R. § 2.205(c) in making its determinations regarding plaintiff's April 1997 FOIA request. Rather, the agency's consideration of plaintiff's FOIA request subsequent to Ms. Travers' letter, such as it has been, appears to be based solely on Exemption 4. *See* Freidrich Decl.; Freidrich Supp. Decl. The Court is reluctant to consider the legality of any agency regulation where the record suggests that the regulation may not have formed the basis for the agency action under review.[3] Further, as in *Webb,* it appears that the only hardship faced by plaintiff as a result of delaying judicial review of the legality of 40 C.F.R. § 2.205(c) "is the burden of having to file another suit." 696 F.2d at 107. Thus, "unless the interest in postponing judicial review is outweighed by the resultant hardship to" NCAP, review is properly delayed. *Id.*

Plaintiff contends that, because 40 C.F.R. § 2.205(c) remains in effect, the case presents an issue that is capable of repetition yet evades review. *See* Pl.'s Mot. at 5 n. 1 (citing *Webb,* 696 F.2d at 107–08). In *Webb,* the FOIA requester cited to five lawsuits wherein the federal agency had released information prior to

judicial decision on the merits, thus mooting FOIA challenges. *See* 696 F.2d at 108 n. 47. Yet, the Circuit considered this to be insufficient evidence of an issue capable of repetition yet evading review. *Id.* Rather, the Circuit noted that judicial review would be available if and when a FOIA requester was denied the full relief sought. *Id.* at 108.

Here, plaintiff has simply stated in a conclusory manner that the EPA's use of the regulation constitutes a legal issue that will recur and yet evade judicial consideration. Unlike the FOIA requester in *Webb,* plaintiff does not point to a history of EPA reliance on this regulation; nor does plaintiff suggest that the EPA regularly denies access to documents pursuant to 40 C.F.R. § 2.205(c), while later making individualized determinations under Exemption 4. In short, there is nothing before the Court that would persuade it that the EPA's use of 40 C.F.R. § 2.205(c) presents a legal issue that will evade judicial review. Accordingly, the Court finds that plaintiff's challenge to 40 C.F.R. § 2.205(c) is not ripe at this point for judicial review.

## D. Remand

■ The administrative record supporting this FOIA dispute leaves much to desire. While the common remedy in a FOIA action is to require disclosure of material improperly withheld, in the instant case the Court is not in a position to evaluate whether the agency has made withholding determinations for all of the information at issue. Indeed, the Court has found it impossible to determine whether the EPA made an independent determination regarding disclosure of sev-

---

**3.** In expressing this reluctance, the Court in no way indicates its evaluation of the merits

of plaintiff's challenge to 40 C.F.R. § 2.205(c).

erable portions of the Uniroyal substantiation letter.

Thus, while the Court finds that the EPA has violated FOIA by failing to determine whether severable portions of the Uniroyal substantiation letter existed and should be disclosed to plaintiff, the Court must craft an appropriate remedy for this violation. The D.C. Circuit has explained:

> Agency decisions to release information in compliance with a FOIA request are informal adjudications.... A court cannot, however, properly perform such review unless the agency has explained the reasons for its decision.... If the court supplied the explanation, it would be performing the agency's function rather than reviewing the agency's decision.... [T]he agency therefore must produce an administrative record that delineates the path by which it reached its decision.... When the agency has not done so, the proper course is to vacate and remand for an explanation.... These principles control our decision here.

*Reliance Electric Co. v. Consumer Product Safety Comm'n,* 924 F.2d 274, 277 (D.C.Cir.1991) (internal citations and quotations omitted) (considering a reverse-FOIA action). In keeping with this precedent, the Court will remand the instant matter to the EPA for a determination of whether all of the information redacted by Uniroyal from its substantiation letter is properly withheld under FOIA. Further, the EPA shall identify the basis for its conclusion that the redacted information is properly withheld.

## Conclusion

The Court has carefully considered the parties' cross motions for summary judgment, the responses and replies thereto, the entire record herein, and the applicable statutory and case law. The Court holds that plaintiff NCAP is entitled to summary judgment on its claim that the EPA violated FOIA in failing to provide an adequate response to NCAP's April 1997 FOIA request. The Court remands this case to the EPA for an appropriate explanation of whether the agency has determined that all of the information redacted by Uniroyal from its substantiation letter is properly withheld under FOIA. The Court further holds that plaintiff's claim that 40 C.F.R. § 2.205(c) is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," in violation of the APA is not ripe for judicial review.

An appropriate Order accompanies this Memorandum Opinion.

## *ORDER*

Upon careful consideration of the parties' cross motions for summary judgment, the responses, replies and sur-reply thereto, the entire record herein, and the applicable statutory and case law, and for the reasons stated in the Memorandum Opinion docketed this same day, it is by the Court hereby

**ORDERED** that plaintiff's motion for summary judgment [39] is **GRANTED in part** and defendant's motion for summary judgment [40] is **DENIED in part** with respect to plaintiff's claim that defendant's response to plaintiff's April 18, 1997 FOIA request violated FOIA; and it is

**FURTHER ORDERED** that defendant's motion for summary judgment [40] is **GRANTED in part** and plaintiff's motion for summary judgment [39] is **DENIED in part** with respect to plaintiff's claim that 40 C.F.R. § 2.205(c) is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," in violation of the Administrative Procedure Act, 5 U.S.C. § 706; and it is

**FURTHER ORDERED** that this case is **REMANDED** to the defendant agency for an explanation of whether the agency has determined that all of the information redacted by Uniroyal from its substantiation letter is properly withheld under FOIA. This explanation shall be provided to the Court by no later than **June 30, 2003;** and it is

**FURTHER ORDERED** that this case shall be taken off the active calendar of the Court.