# NORTHWEST COALITION FOR ALTERNATIVES TO PES- TICIDES, Appellant

v.

# ENVIRONMENTAL PROTECTION AGENCY, Appellee.

## No. 07–5116.

United States Court of Appeals, District of Columbia Circuit.

April 8, 2008.

Charles M. Tebbutt, Western Environmental Law Center, Eugene, OR, Debra S. Katz, Katz, Marshall & Banks, LLP, Washington, DC, for Appellant.

R. Craig Lawrence, Assistant U.S. Attorney, John Cuong Truong, U.S. Attorney's Office, Washington, DC, for Appellee.

Before: TATEL, GARLAND, and GRIFFITH, Circuit Judges.

### JUDGMENT

This case was considered on the record from the United States District Court for the District of Columbia and on the briefs and arguments of the parties. It is

**ORDERED AND ADJUDGED** that the district court's February 7, 2007 order be affirmed. Appellant seeks attorney's fees under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(a)(4)(E), claiming to have "substantially prevailed" within the meaning of the statute by virtue of the district court's order in *Northwest Coalition for Alternatives to Pesticides v. EPA*, 254 F.Supp.2d 125 (D.D.C.2003). We find the case controlled by *Campaign for Responsible Transplantation v. FDA*, 511 F.3d 187, 196 (D.C.Cir.2007), in which we held that "an order compelling the production of a *Vaughn* index, without more, is not enough to make a plaintiff a 'prevailing party' sufficient to support a claim for attorney's fees." A *Vaughn* index compels the government to explain what information it has withheld from disclosure, as well as its legal justification under the FOIA for so withholding. *See generally Vaughn v. Rosen*, 484 F.2d 820 (D.C.Cir. 1973). Similarly, in this case, the district court's 2003 order required nothing more of the agency than an explanation as to whether third-party redactions to a requested document withheld information that was not subject to disclosure under the FOIA. *See* 254 F.Supp.2d at 133–35. Like a *Vaughn* index, this explanation provided an accounting of what was withheld and why. Appellant did not "substantially prevail[ ]" by securing such an explanation, and therefore is not eligible for attorney's fees under 5 U.S.C. § 552(a)(4)(E).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. R. 41.